POSTEN vs. MILLER and another.

*April 12 — May 15, 1884.*

EQUITY.  *(1) Redemption of mortgage: Accounting.   (3, 4) Joinder of causes of action: Parties.*

JURISDICTION.  *(2) Amendment, when original complaint shows want of jurisdiction.*

1. An action by a mortgagor against a mortgagee in possession, to redeem and for an accounting of rents and profits, is cognizable in equity.

2. Though the original complaint alleged the value of the property in suit to be so great that the cause was not within the jurisdiction of

the court, if, after a demurrer on that ground has been sustained, the complaint is so amended as to obviate that objection, a second demurrer on the same ground should not be sustained.

3. A mortgagee, after being in possession receiving rents and profits, assigned his interest but retained possession of the land. In an action for a redemption and an accounting of rents and profits, *held* that both the mortgagee and his assignee are proper parties, and that all sums received by either may be included in the accounting.

4. A widow, who had joined with her husband in a mortgage and who, at his death, inherited the land as his sole heir, may maintain an action against a mortgagee in possession to redeem and for an accounting, without joining the administrator of her husband's estate.

APPEAL from the Circuit Court for *Fond du Lac* County.

Appeal from an order overruling a demurrer to the amended complaint. Such complaint is long, and perhaps contains averments which might be advantageously omitted. The substance of it is that the plaintiff is the widow and sole heir of Alexander B. Posten, deceased, and is the owner in fee of all the lands affected by the action, and of all the estate of her said husband; that the plaintiff and her husband, being the owners of certain lands described in the complaint, executed several mortgages thereon, at different times, to secure an indebtedness amounting in the aggregate to $10,000, all of which mortgages became, by assignment or by direct execution to him, the property of the defendant *William A. Miller;* that the interest and $3,000 of the principal of said mortgage debts was paid thereon; that by arrangement between the mortgagors and said *William A. Miller* the latter foreclosed one of the mortgages for nonpayment of interest (which had been paid, but not indorsed), and obtained a judgment of foreclosure,— the mortgagors purposely making default in the action.

That thereupon, as had been agreed by the parties, the mortgagors surrendered the possession of the mortgaged lands to said *William A.,* who still retains possession thereof,

and has received all the rents and profits accruing therefrom; that the mortgage debts have been more than paid by such payments and the rents and profits of the land; that the defendant *William A.* has conveyed the lands to his son, the defendant *Theodore Miller,* without consideration, and with full notice to the latter of the equities and rights of the plaintiff therein; that both defendants have committed waste on the land to the amount of $1,000, and have refused, on due demand, to account for such rents and profits, or to convey the land to the plaintiff, or to surrender to her the possession thereof; that the land mortgaged is a farm containing 280 acres, of the value of $14,000, and that the net value of the products thereof, since the said *William A.* went into possession, over and above expenses, is $2,500 per annum.

The demand for relief is as follows: "Wherefore, the plaintiff demands judgment that the defendants, and each of them, account for the rents, issues, and profits of said mortgaged premises, and for the timber cut thereon; and that the plaintiff be allowed to redeem said premises; and that the defendants be adjudged to convey the said premises to this plaintiff; and that each of said notes and mortgages be canceled and surrendered up to this plaintiff; and that defendant *William A. Miller* be adjudged to pay this plaintiff the sum of $4,000,— the amount of the rents, issues, and profits of the said farm since the full payment of said notes and mortgages, and all taxes and costs and interest he may have been entitled to. And, in case he does not convey said land with good title, that he be adjudged to pay this plaintiff the value thereof, to wit, $14,000; and for such other or further relief and judgment as may be equitable, with the costs and disbursements of this action."

The demurrer to such amended complaint, which the circuit court overruled, is based upon the grounds (1) that the court has no jurisdiction of the subject of the action; (2)

Posten vs. Miller and another.

that several causes of action are improperly united therein; and (3) that it does not state facts sufficient to constitute a cause of action.

For the appellants there was a brief by *Spence & Hiner*, and oral argument by *Mr. Spence*. They contended, *inter alia*, that the plaintiff had an adequate remedy at law by ejectment. *Brinkman v. Jones*, 44 Wis., 498; *Caruthers v. Humphrey*, 12 Mich., 270; *Humphrey v. Hurd*, 29 id., 44; Jones on Mortgages, § 715; *Kortright v. Cady*, 21 N. Y., 343. No foundation for an accounting is laid, because the amount of the rents and profits and of the waste is definitely stated and is therefore recoverable at law. The cause of action for an accounting, or for a surplus thereon, if any, is personal property and belongs to the personal representatives of Alexander B. Posten, and not to the plaintiff as his heir. *Estate of Kirkendall*, 43 Wis., 176; *Hall v. Wilson*, 6 id., 433; *Kalckhoff v. Zoehrlaut*, 40 id., 427; *Cullen v. O'Hara*, 4 Mich., 132; *Morton v. Preston*, 18 id., 60; *Hollowell v. Cole*, 25 id., 345. As the original complaint demanded a judgment beyond the jurisdiction of the county court, its order transferring the cause to the circuit court was void, and any action of the circuit court would be invalid. *Barker v. Baxter*, 1 Pin., 407; *Felt v. Felt*, 19 Wis., 193; *Darling v. Conklin*, 42 id., 478.

The cause was submitted for the respondent on the brief of *De W. C. Priest*.

LYON, J. 1. This is an action in equity, brought by one of two mortgagors in her own right, and as the heir of the other mortgagor, who is dead, against the holder and owner of four mortgages, who is in possession of the mortgaged lands, and against his assignee with notice of her equities, for an accounting of payments, rents, and profits, and to redeem such lands from the lien of the mortgages. The plaintiff is the owner of the lands in question, subject only

to the lien of the mortgages. Such is the case made by the amended complaint. In substance and effect, it is an action by mortgagor against mortgagee in possession, to redeem, and for an accounting of rents and profits received by the mortgagee. It is elementary that a court of equity takes cognizance of such an action. Indeed, a court of law can afford no adequate remedy in such a case. Hence the demurrer, so far as it goes to the equity of the complaint, cannot be sustained.

2. The action was commenced in the county court of Fond du Lac county, the jurisdiction of which is limited by statute to cases in which the value of the property in controversy, or the amount of money claimed or sought to be recovered, after deducting all payments and setoffs, shall not exceed $20,000. R. S., 686, sec. 2465. The original complaint stated the value of the land in controversy to be $19,500, and claimed an excess of payments, rents, and profits, over and above the mortgage debts, of $5,000. The defendants demurred to that complaint, assigning the same grounds as in the demurrer to the amended complaint. The place of trial was then changed to the circuit court by stipulation of the parties, and the demurrer was argued in the latter court and sustained. By leave of court, the plaintiff thereupon amended her complaint, alleging the value of the land to be $14,000, and demanding judgment for $4,000 excess of payments, rents, and profits beyond the mortgage debts.

Assuming (but not deciding) that the jurisdiction of the circuit court is limited by that of the county court, and that the value of the property in controversy and the amount of money claimed or sought to be recovered, added together, is the measure of the jurisdiction of the county court; still, the aggregate of such value and amount, as alleged in the amended complaint, is only $18,000, or, if the waste charged be added thereto, only $19,000. The case made by the amended complaint is therefore within the

jurisdiction of the county court, and the demurrer for want of jurisdiction fails.

3. We find no improper joinder of causes of action in the amended complaint. *Theodore Miller* is a proper party to the action, because the principal defendant, *William A. Miller*, had (in form at least) conveyed to him the land in controversy. This conveyance, we suppose, operated as an assignment to him of the mortgage interest of his grantor, and, if the accounting shows a balance unpaid on the mortgage debts, it would belong to him. On the other hand, *William A. Miller* is also a proper party, because he has received the rents and profits, and is in possession of the land. The *gravamen* of the action is to enforce the right to redeem from the mortgages, and the accounting is only incidental to the redemption, to enable the court to find the sum still due on the mortgage debts, or the amount of overpayments, as the case may be. Hence all sums properly chargeable against such debts, whether received by one defendant or the other, or both, should be included in the accounting. The fact (if it be a fact) that the amended complaint shows a part of these sums is chargeable to one of the defendants, and part to the other, does not show an improper joinder of different causes of action. It is but an averment of facts essential to a single cause of action.

4. Something was said in the argument as to the necessity of making the administrator of the estate of Alexander B. Posten a party to the action. We find nothing in the amended complaint showing the necessity of bringing in such administrator. The interest of the deceased in the land descended to the plaintiff at his death, and her right to the possession thereof remains unimpaired until the administrator takes possession. *Jones v. Billstein*, 28 Wis., 221. Besides, there is no demurrer for defect of parties.

The foregoing views dispose of all the assigned grounds of demurrer adversely to the defendants.

*By the Court.*— Order affirmed.