[No. 11609.   In Bank. — December 20, 1887.]

MARK A. MILLER, RESPONDENT, *v.* N. D. THAYER
ET AL., APPELLANTS.

MORTGAGE — DEED — DEFEASANCE — SPECIFIC PERFORMANCE — REDEMPTION.
— Where a mortgage is given consisting of a deed absolute in form, and a defeasance in a separate instrument, an action to compel a specific performance of the agreement to reconvey is in effect an action for the redemption of the land.

ID. — ACTION OF FORECLOSURE — PREVIOUS ACTION TO REDEEM — JUDGMENT ROLL — EVIDENCE. — The action was brought to foreclose a mortgage against the original mortgagor, and a subsequent purchaser of the mortgaged premises.   The mortgagor disclaimed all interest in the premises, and no personal judgment was asked or had against him.   On the trial, the judgment roll in a previous action brought by the subsequent purchaser against the mortgagee to redeem from the mortgagee, in which action the mortgagor had not been made a party, was introduced in evidence by the mortgagee.   *Held*, the real parties in interest in both actions being the same, the judgment roll was properly admitted.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*H. C. Firebaugh, L. S. Taylor,* and *A. L. Rhodes,* for Appellants.

*Estee & Wilson,* and *Beatty & Denson,* for Respondent.

The COURT.—Thayer gave Miller a mortgage as security for a loan. The mortgage consisted of a deed absolute on its face, and a defeasance in a separate instrument, in which Miller agreed upon the payment of the money, with interest, to reconvey the property to Thayer. This was certainly a proper, perhaps the only, mode of entering upon the record evidence of the satisfaction of such a mortgage.

Thayer conveyed the land to Hewlett, and assigned to him the contract to reconvey upon payment. Hewlett offered to Miller the money which he, Hewlett, claimed to be due, and then brought suit to compel a conveyance according to the terms of the contract. It was an action for specific performance, but under such circumstances an action to compel a specific performance is nothing else than an action for the redemption of the land, or rather, to declare the mortgage satisfied.

On the trial, a larger sum than Hewlett had offered was found to be due. Hewlett, failing to pay that amount to effect a redemption, Miller brought this suit to foreclose.

It is evidently the counterpart to the suit brought by Hewlett, and the issues are in all respects the same.

Thayer was not a party to that suit, but is made a defendant in this, the complaint alleging that he had, or claims to have, some interest in the premises. He answered, disclaiming any interest. No personal judgment was asked or obtained against him. The real parties to this suit, therefore, are the same as in the suit of *Hewlett* v. *Miller.* We think there was no error in

the admission of the judgment roll in that case, and that it constituted an estoppel. Holding these views, it is unnecessary to discuss the other points.

Judgment affirmed.