MEAGHER, RESPONDENT, v. HARDENBROOK ET AL.,
APPELLANTS.

[Argued November 12, 1891. Decided December 28, 1891.]

WATER RIGHTS—*Appropriators*—*Tenants in common.*—The appropriators of the
waters of a stream, who use such waters through a ditch owned by them
together for a common purpose, are tenants in common of such water right.

SAME—*Same*—*Same.*—Tenants in common of such water right may, upon aban-
doning the use thereof for mining purposes, turn the water into its original
channel, and recapture and use the same water for other beneficial and lawful
purposes. (*Woolman* v. *Garringer*, 1 Mont. 535, cited.)

*Appeal from Third Judicial District, Deer Lodge County.*

Action to determine the right to the use of the waters of a
stream. The cause was tried before DURFEE, J., without a
jury. Certain of the defendants appeal from the judgment.

*Cole & Whitehill,* for Appellants.

The ownership of the ditch in question was divided into
twenty-four parts, each part being represented by a share.
This would make such owners tenants in common of the ditch
and of the right to use the water flowing therein. (*McConnell*
v. *Denver*, 35 Cal. 365; 95 Am. Dec. 107, and cases cited
therein.) It is claimed that Hardenbrook was a tenant in
common with the other owners of the Miners' Ditch, and that
his act in recapturing the four hundred inches was the act of
one tenant in common for the benefit of the other cotenants.
After the abandonment of the Miners' Ditch by its owners the
whole estate of the cotenancy was gone, and one cotenant could
not for his own individual use retake the property, or the ease-
ment, or the right, or whatever it may be called, for his own
use, and have the user that inured to him by reason of what he
and the court below calls a recapture, date back to the year 1869,
the time of the appropriation of the water in the Miners' Ditch.
It is laid down in the books that if a cotenancy includes a water
right neither one, nor even a majority of the cotenants, will be
permitted to divert the water to his sole use. (Freeman on
Cotenancy, § 251.) The general doctrine of the abandonment
of a water right is well settled. The prior appropriator thereby
loses all the rights he had acquired, and cannot after abandon-

ment re-assert his original right to the same. He is exactly in the same position as though he had hitherto made no attempt to appropriate the water. (*Davis* v. *Gale*, 32 Cal. 26; 91 Am. Dec. 554; *Barkley* v. *Tieleke*, 2 Mont. 59; Pomeroy on Riparian Rights, 88.)

*Robinson & Stapleton*, and *Forbis & Forbis*, for Respondent.

We do not dispute the contention of the appellant that the owners of this ditch are tenants in common. In fact, we contend for this theory, and upon it found our right. (*Bradley* v. *Harkness*, 26 Cal. 69; *McConnell* v. *Denver*, 35 Cal. 369; 95 Am. Dec. 107; Freeman on Cotenancy and Partition, § 88; *Reed* v. *Spicer*, 27 Cal. 58.) If, therefore, the owners of this ditch are tenants in common, the law applicable to the rights of tenants in common in real estate is applicable here, and in such cases one or more of the tenants in common may sue, or defend, for all. (*Lytle Creek W. Co.* v. *Perdew*, 65 Cal. 447; *Hardy* v. *Johnson*, 1 Wall. 371.) There is nothing in the findings, nor was there anything in the evidence, to show that Hardenbrook was not acting with the consent and for the benefit of all the owners. In fact, the only parties to this suit who are owners in the ditch joined with Hardenbrook in defending the title to the same, and assisted Hardenbrook in showing that his acts had kept the same alive. Certainly the court will not presume that the action of one tenant in common in preserving the common property was not for the benefit of all, but on the contrary will presume, especially where the other tenants unite with him, that whatever he did was with the acquiescence and consent of all. As shown by the findings, the Miners' Ditch was used until 1886, and at that time Hardenbrook, one of the owners, turned the water out of the Miners' Ditch back into Race Track Creek, and then recaptured four hundred inches of the same, and ever since that time has used the same for irrigating his lands. The only question, therefore, as we understand it, is whether the owners of the ditch might or might not change the point of diversion, and the manner of use of the waters appropriated by them. This question has been so often determined by this and other courts, that we con-

.sider a discussion of it useless. (*Davis* v. *Gale*, 32 Cal. 27; 91 Am. Dec. 554; *Woolman* v. *Garringer*, 1 Mont. 535; *Higgins* v. *Barker*, 42 Cal. 233; *Junkans* v. *Bergin*, 67 Cal. 267; *Bullard* v. *Stone*, 67 Cal. 477; *Kidd* v. *Laird*, 15 Cal. 163; 76 Am. Dec. 472.)

HARWOOD, J.—Action to determine the several rights of plaintiff and forty persons named as defendants in and to the waters of " Race Track Creek," a natural stream of water situate in Deer Lodge County, tributary to Deer Lodge River. The action was tried by the court sitting without a jury, and by findings made in writing, and judgment accordingly, the court found and determined the respective rights of all the parties to the action in and to the waters of said creek, and also the relation of such water rights to one another as to priority. All parties having set up their respective claims to certain portions of the water of said creek by pleading, a stipulation was made by them through their counsel to the effect that at the trial each party, whether plaintiff or defendant, should be deemed to have denied all allegations of the pleadings of every other party to the action claiming right to any of the waters of said creek, and that each party might introduce evidence "to show non-appropriation, non-user, or abandonment by the plaintiff or any of the defendants."

The questions brought here for review by this appeal arose between certain defendants. The court found and adjudged that defendants C. K. Hardenbrook and R. S. Kelley were entitled to four hundred inches of the waters of said creek, by reason of an appropriation thereof made in the year 1869, which finding and judgment made the water right of defendants Hardenbrook and Kelley the fourth in the order of appropriations. From this portion of the judgment certain other defendants, whose rights were adjudged to be subsequent to that of Hardenbrook and Kelley, have appealed.

The findings of fact by the court in relation to the water rights of defendants Hardenbrook and Kelley, upon which the court pronounced judgment in their favor, are as follows: "Findings for the defendants R. S. Kelley and C. K. Hardenbrook. The court finds as facts that the Miners' Ditch was

commenced to be surveyed in the latter part of the year 1869; that it was built and owned by the owners of certain placer mines, situated in two or three different gulches, from ten to twelve miles from the head of the ditch; that water was turned into the ditch as far as Prairie and Spring gulches in the summer of 1871 and into Antelope gulch a year later; that the ownership of the ditch was divided into twenty-four parts, each part being represented by a share; that at the time of the commencement of this action the defendant, R. S. Kelley, was the owner of three shares and the defendant, C. K. Hardenbrook, was the owner of eight shares; that none of the waters of the Miners' Ditch have been used on placer mining ground since the year 1886; that the Miners' Ditch has been abandoned since the year 1886; that waters claimed as belonging to the Miners' Ditch were turned into Race Track Creek in the year 1886, and were recaptured by the defendant, C. K. Hardenbrook, and used for the purpose of irrigating land belonging to him, to the extent of four hundred inches; that the remaining amount of water belonging to the Miners' Ditch has been abandoned by the owners thereof from and after the year 1886; that the ditches owned or used by the defendant, C. K. Hardenbrook, are of sufficient capacity to carry said amount of four hundred inches."

The point of contention on the part of appellants is that upon said facts found it was error to adjudge that the appropriation of four hundred inches of water from said creek, in favor of defendants Hardenbrook and Kelley, dated from the appropriation thereof through said Miners' Ditch for mining purposes at the time set forth in the findings. They maintain that the owners of the Miners' Ditch were tenants in common of the water right acquired by the appropriation and use of the water taken thereby, and that when the use of said waters through said ditch for mining purposes ceased, and said ditch was abandoned in 1886, that was an abandonment of the water right which had been gained and held by said tenants in common.

On behalf of respondent it is admitted that the appropriators of the water of said creek, used for mining purposes through said Miners' Ditch, were tenants in common of the

water right acquired thereby, and upon that relation, of such owners, it is maintained that any of the tenants in common could keep alive said water right, or any part of it, by continued lawful use thereof; and that such use, as well as the place of use, could be changed from one purpose or place to another, subject only to complaint of other tenants in common, whose rights are infringed thereby; and that no such complaint is under consideration in this case.

The several parties who owned the Miners' Ditch, and acquired the water right by appropriation and use of the waters of said creek, through said ditch, were undoubtedly tenants in common of such water right. (*Bradley* v. *Harkness*, 26 Cal. 69; *McConnell* v. *Denver*, 35 Cal. 369; 95 Am. Dec. 107; *Reed* v. *Spicer*, 27 Cal. 58; Freeman on Cotenancy and Partition, § 88.)

But the use of the water for mining purposes through said Miners' Ditch ceased in 1886, and that ditch has been abandoned since that year; and, as said in the finding, the "waters claimed as belonging to the Miners' Ditch were turned into Race Track Creek in the year 1886, and were recaptured by defendant Hardenbrook, and used for the purpose of irrigating land belonging to him, to the extent of four hundred inches." Was this a lawful exercise of the rights of a tenant in common of said water as against all, except other tenants in common, who may not have consented to such change of use? We think this proposition must be answered in the affirmative, and such holding affirms the judgment of the court below. We cannot draw from the finding of the court the conclusion which appellants' counsel contends for, namely, that the abandonment of the Miners' Ditch was also an abandonment of the entire water right acquired by the appropriation of water through said ditch. Abandonment is a matter of fact to be found by considering the act and intention of the party alleged to have abandoned a thing. (1 Am. & Eng. Encycl. of Law, 1, and cases cited.)

By referring to the findings of the court it will be seen that it was found, not only that the waters belonging to the Miners' Ditch were turned back into Race Track Creek, and were recaptured by Hardenbrook to the extent of four hundred inches, but that "the remaining amount of water belonging to

the Miners' Ditch has been abandoned by the owners thereof from the year 1886." Now, this clearly shows that the court found, not that the whole of the water used through the Miners' Ditch was abandoned, but that all in excess of four hundred inches was abandoned. That one tenant in common may preserve the entire estate or right held in common is a proposition so well settled it is unnecessary to cite authorities in support thereof. In this the tenant in common is only preserving his own, as his right partakes of the whole. It would seem to follow from analogy that one tenant in common may, of course, preserve part of the common estate or right. In the peculiar case of water rights it would appear to be so with more force, because the right can only be preserved by both the use, and the necessity for the use, for some beneficial purpose; so that a tenant in common, in preserving this right, can only preserve it to such extent as he can use it.

As regards the change in the use of the water right from one lawful and beneficial purpose to another, we think the holding in the case of *Woolman* v. *Garringer*, 1 Mont. 535, to the effect that such change is lawful, covers this point of contention in the case at bar. The same rule prevails in California. (*Kidd* v. *Laird*, 15 Cal. 163; 76 Am. Dec. 472; *Davis* v. *Gale*, 32 Cal. 27; 91 Am. Dec. 554; *Higgins* v. *Barker*, 42 Cal. 233; *Junkans* v. *Bergin*, 67 Cal. 267.)

It is ordered that the judgment be affirmed.

*Affirmed.*

BLAKE, C. J., and DE WITT, J., concur.

