LYNCH, RESPONDENT, *v.* BECHTEL, APPELLANT.

[Submitted May 11, 1897, Decided May 24, 1897.]

*Pleading—Defective Complaint— Waiver by Answer—Answer, Aiding Complaint— Contract, Time—Question of Law.*

PLEADING—*Waiver by Answer.*—Where defendant answers after a demurrer is overruled, he waives any objection to the complaint because of any ambiguity or uncertainty therein.

SAME—*Answer—Aiding Complaint.*—An answer which assumes that the complaint contains an allegation, supplies the omission.

CONTRACT—*Time of Performance—Question of Law.*—Plaintiff having contracted for the erection of a building upon his own premises, which adjoined defendant's hotel, agreed to lease to the defendant the two upper stories thereof for the term of five years "from the completion of said three-story building * * * which said building shall be completed on or before September 1, 1893, and upon such completion said term of five years shall begin and date therefrom." *Held,* that time was not of the essence of the contract.

*Appeal from the district court, Silver Bow county. J. J. McHatton, Judge.*

ACTION by James H. Lynch against Isaac Bechtel. Judgment for plaintiff. Defendant appeals. Affirmed.

Statement of the case by the justice delivering the opinion.

On May, 1893, plaintiff (respondent) had in process of construction under a contract to have it completed by September 1, 1893, a three-story building on a lot in Butte City, adjoining the land on which stood the Clarence Hotel.

Defendant (appellant), the landlord of the Clarence Hotel, with a view to acquiring additional hotel rooms, entered into a written agreement with plaintiff, under the terms of which he (defendant) was to lease the second and third stories of plaintiff's building at a monthly rental of $150, for a period of five years.

This lease agreement provided, as to the two upper stories aforesaid, that defendant was "to have and to hold for the term of five years from the completion of said three-story and basement brick store building, which said building shall be completed on or before the first day of September, 1893, and upon such completion said term of five years shall begin and date therefrom." It also contained a provision that plaintiff, before the completion of said building, should do certain acts in reference to setting up radiators (to be furnished by defendant), and connecting heating pipes attached thereto with defendant's furnace in the Clarence Hotel. The other provisions of the lease it is unnecessary to set forth.

The plaintiff (apparently from unavoidable causes) did not complete his entire building until some time in November, 1893. As the evidence shows, however, the second and third stories were finished and ready for occupancy at no little extra expense to plaintiff on September 1, 1893. The radiators were not set up, and the heating pipes had not been connected with the furnace of the Clarence Hotel, on said date; but there was evidence to establish the fact that defendant had waived this failure, and that it was due to him that these requirements had not been complied with. On said date (September 1, 1893), plaintiff tendered to defendant the keys of the two stories, and notified him that the premises were ready for occupation. Defendant refused to accept the keys, or to take possession, and repudiated the contract, assigning, as his reason therefor, that plaintiff had not complied with the lease. No possession of the premises was ever taken by defendant.

On March 10, 1894, the plaintiff instituted a suit against the defendant. The complaint averred the execution of the lease. It alleged that "prior to the 1st day of September, 1893, the second and third stories, so leased by defendant, were fully completed, and in all respects ready for occupancy and use for the purpose for which they were needed by defendant." It averred the refusal of the defendant to permit it, as an excuse for the nonconnection of the heating pipes and the failure to put in the radiators. It alleged the performance of certain other things required of plaintiff under the terms of the lease. The complaint then proceeded: "Plaintiff further states that there is now due, owing, and unpaid to him from defendant, as rent, under said lease, for the months of September, October, November, and December, 1893, and January, February, and March, 1894, after allowing all credits and offsets, the full sum of $814.35."

A demurrer was interposed on the following grounds:

(1) Ambiguity and uncertainty, in that the complaint failed to show whether the plaintiff sued for rent for the actual occupation of the premises, or for rent for the premises under the terms of the lease without entry or occupation thereof.

(2) That the complaint failed to state a cause of action.

The demurrer was overruled and the defendant filed an answer. He denied that the two stories were completed and ready for occupancy on the 1st day of September, 1893; denied that defendant refused to allow plaintiff to connect the heating pipes; averred that plaintiff had not completed a certain entrance as required by the lease; denied that defendant had ever taken possession of or occupied the premises; denied "that the plaintiff on his part had complied with and performed all the conditions required of him by the terms of said lease to be by him performed on or before the said first day of September, or at all complied with said terms." The answer also denied any indebtedness as alleged or otherwise for rent under the lease.

The case was tried with a jury. Evidence was offered on

certain of the issues raised by the pleadings. In instructing the jury, the court declared that it was no defense to the action that the entire building of plaintiff had not been completed on September 1, 1893. The verdict was against the defendant, and judgment was rendered for plaintiff for the amount of the rent prescribed under the terms of the lease, less rents plaintiff had collected from parties occupying the premises subsequent to September 1, 1893, and prior to the commencement of the suit.

The appeal is from the judgment and the order denying the motion for a new trial.

*Thompson Campbell* and *J. L. & M. L. Wines*, for Appellant.

*C. R. Leonard, Wm. H. De Witt* and *J. W. Cotter*, for Respondent.

BUCK, J.—The objection raised by defendant's demurrer that the complaint is ambiguous and uncertain cannot avail him on this appeal. By answering after his demurrer was overruled, he waived it.

Does the complaint state a cause of action?

We think it does. However defectively, it nevertheless states a cause of action. Defendant filed his answer, and the case was tried on issues raised. In the answer, the defendant assumed that allegations were in the complaint which it should properly have contained, but did not; in other words, the answer supplied the omission in the complaint. See *Hamilton* v. *Railway Co.*, 17 Mont. 334, 42 Pac. 860, and 43 Pac. 713.

Did the court err in instructing the jury that the failure on the part of plaintiff to complete the entire building by September 1, 1893, was no defense to the action?

Some evidence was offered in behalf of defendant to show that by reason of the noise that would result in connection with the completion of the lower part of the building after September 1, 1893, guests or lodgers who might be occupying rooms in the

upper stories would be disturbed, and that the building material piled on the sidewalk in front of the building would be a scurce of discomfort. But this was merely cumulative evidence to establish incidentally the main defense relied upon, and was not offered for the purpose of proving any counter damages. The record shows that prior to September 1, 1893, plaintiff had offered defendant several hundred dollars for an extension of time within which he should be allowed to finish the building, according to defendant, or the two upper stories, according to plaintiff. Defendant did not accept this offer. Manifestly, defendant knew at the time of this offer that the entire building could not be finished on September 1st. The explanation defendant gives for his refusal to accept this offer was that it was plaintiff's duty, and not his, to comply with the terms of the contract as to the completion of the building on or before September 1st. As a result of defendant's not accepting this offer, plaintiff, at an extra expense of several hundred dollars, finished the second and third stories of the building on or prior to September 1st. It clearly appears from the evidence that the only ground for defendant's refusal to take possession of the premises on September 1, 1893, was his belief that he had a right to repudiate the entire five years' lease if plaintiff did not have the entire building completed on September 1st. Can such a literal construction be given to this agreement under the established facts of this case? Some two months after September 1st, the entire building was completed. From the situation of the parties at the time of the lease, the purpose for which it was entered into, and all the incidental facts before it explanatory of the entire transaction, we think the lower court committed no error in instructing the jury that the failure to complete the entire building on September 1, 1893, was no defense to plantiff's action.

There was no mixed question of law and fact. It was one of law alone, under the facts and the pleadings. Time was not expressly made the essence of the contract by its terms. The defendant did not expressly plead, and did not attempt

to show by evidence, that it was ever intended that the date September 1, 1893, was of the essence of the contract. The general rule of law, as stated by Mr. Clark in his work on Contracts (Hornbook Ed.), in the latter part of section 251, is as follows:

"In contracts for the sale of land, or for the performance of services, or the construction of buildings, time will be held of the essence if, from the nature of the property and the circumstances, it seems that the parties must have so intended, but generally, in such contracts, time is not of the essence."

The question whether or not time was the essence of this contract, under the facts of this case, was for the court to determine, and not the jury. But the use of the word "building" in the *habendum* clause of the lease, was rather by way of description than otherwise. When the two upper stories were finished and ready for occupancy, the contract was substantially performed.

We are of the opinion that the lower court committed no error in this respect. If defendant had been damaged by plaintiff's delay in completing the entire building, he could have pleaded wherein he was damaged. But he did not do so.

From the pleadings and from the evidence, it clearly appears that defendant relied absolutely upon his right to reject and repudiate the contract, simply because the entire building had not been completed on September 1, 1893. This, as we have shown, he had no right to do.

The order denying the motion for a new trial and the judgment are both affirmed.

*Affirmed.*

PEMBERTON, C. J., and HUNT, J., concur.