J. L. CROWDER, APPELLANT, *v.* EDWARD McDON-
NELL, ET AL., RESPONDENTS.

[Submitted June 16, 1898. Decided Aug. 1, 1898.]

*Water   Rights—Tenants   in   Common,   Contract   Between—
Right of Action—Pleading—Aider by Answer.*

"M.," the predecessor in interest of the plaintiff, entered into an agreement with defend-
ants, whereby he conveyed to them a right of way over his land for a ditch, became
an owner in an interest in the ditch and water, and was not to pay any part of the
expenses of keeping the ditch in repair. After "M." had conveyed his interest in
the land, ditch and water, the defendants neglected to keep the ditch in repair, and
thereby plaintiff suffered damage. *Held*, that plaintiff could not recover for damages
caused by the negligent construction or location of the ditch; and that, being a ten-
ant in common, he could not ordinarily recover damages from his co-tenants for their
failure to repair the ditch; but that defendants having agreed to keep the ditch in
repair, they were responsible for any damages caused by a breach of their contract.
PLEADING.—Plaintiff brought his action in tort for damages caused by failure of his co-
tenants to keep a ditch in repair; defendants set up a contract whereby they agreed
to keep the ditch in repair. *Held*, that plaintiff's action was one on contract; but,
that the defendants having set up the contract the breach of which was the cause of
the damage to plaintiff, they had supplied the averments necessary to sustain a
cause of action.

*Appeal from District Court, Fergus County; Dudley Du
Bose, Judge.*

ACTION by J. L. Crowder against Edward McDonnell and
others.   From a judgment of nonsuit, and an order denying
a new trial, plaintiff appeals.   Reversed.

Statement of the case by the justice delivering the opinion.

Plaintiff (appellant in this court) sued defendants (respond-
ents) for damages to plaintiff's lands, and for injury to his
crops, and to have defendants enjoined from using a certain
irrigating ditch to plaintiff's damage.   Two causes of action
are relied on.   For the first it is alleged that defendants are
joint owners in a certain irrigating ditch, built in 1891, tap-
ping the waters of Big Spring creek, Fergus county; that the
ditch was so negligently and unskillfully located, constructed,
and maintained by defendants over shale rock and gravelly

soil, that in 1895 the water percolated and flowed through the bottom of the ditch, and overflowed portions of plaintiff's land, injuring the land and destroying his crop. For a second cause of action plaintiff alleged that defendants are joint owners in the ditch; that they so negligently and unskillfully located and constructed the same across plaintiff's land as to obstruct the natural flow of waters accumulating above the ditch, which had formerly flowed away by natural channels; and that as a consequence the waters broke through the banks of the ditch, and overflowed plaintiff's lands, to his damage.

Defendants denied all allegations of negligence and damage, and set up that the land alleged to have been damaged was conveyed to plaintiff by R. R. Mills, and that, long prior to the conveyance of said land to plaintiff by Mills, Mills conveyed a right of way to defendants over the lands so conveyed to plaintiff, for the purpose of constructing said ditch and for the conveyance of the water therein, and also conveyed an interest in the ditch to plaintiff; that, under the said contract of conveyance, Mills became a tenant in common with defendants, and, if the ditch was negligently constructed, it was so constructed by plaintiff's grantor, and was accepted by plaintiff. That about March 25, 1895, in an action in the district court, this plaintiff, Crowder, sued these defendants, except the defendants R. S. and R. E. Hamilton, and obtained judgment decreeing the plaintiff to be the successor in interest of said Mills in and to 60 inches of water described in the complaint, and that plaintiff was the owner of a sufficient interest in and to the ditch involved to convey said 60 inches of water to his lands, wherefore, as the successor of said Mills, if the ditch was carelessly constructed, plaintiff, by accepting the same from his grantor is estopped to claim damages by reason of any alleged defects in the construction of the ditch; that, if the ditch overflowed its banks as alleged, it is due to the acts of the plaintiff in not properly attending to the waste gate constructed on plaintiff's lands, and which, under the decree referred to, plaintiff was in duty bound to take care of.

Plaintiff introduced considerable testimony, and at the close

of it a motion for nonsuit was interposed, based upon the
grounds that plaintiff was a co-tenant and equally responsible
for damages with the defendants, and that plaintiff and his
grantor conveyed the right of way across plaintiff's land in
consideration of the conveyance to plaintiff of 60 inches of
water, and the ownership in the ditch to the extent of that
number of inches of water, and that, in receiving the 60 inches
of water, plaintiff waived all rights to damages under that
agreement and under the decree of the court, and upon the
further ground that plaintiff had failed to prove damages.

The court decided that the plaintiff was a tenant in common
with the defendants, and could not sue his co-tenants for neg-
ligent construction of the ditch, inasmuch as his grantor, Mills,
had accepted an interest in the ditch from the defendants.
Judgment was entered for defendants, and plaintiff appeals
from the order overruling his motion for a new trial, and from
the judgment of nonsuit.

The court had before it the decree and judgment roll in the
case of Crowder against McDonnell et al., heretofore referred
to.   By this decree and judgment roll it appeared that certain
special issues had been found in that case, establishing the fol-
lowing facts:   That R. R. Mills, plaintiff's grantor, was to get
60 inches of water flowing through the ditch; that Mills was
to have two outlets for said water on his ranch; that the work
Mills had to perform for such privileges was one-seventh of
the manual labor from the beginning of the ditch to the west
line of his land; that Mills was to be responsible for the proper
care of the waste gate situated on the ranch during high water;
that Mills was not to pay anything for the repairs of the ditch;
and that Mills had not carried out his contract.   All these find-
ings were adopted and incorporated in the court's decree in
the case referred to.   The conclusions of law made in that
decree were that the plaintiff was entitled to 60 inches of water
flowing in the ditch of the defendants built across and upon
the lands of the plaintiff, and was to have two points in the
ditch on the lands of plaintiff wherefrom he might take and
divert the water; that plaintiff was the owner of a sufficient

interest in the ditch itself to convey 60 inches of water, and that defendants should be perpetually enjoined and restrained from diverting the water, or any part thereof, or from interfering in any manner with the plaintiff in the free use of said 60 inches of water; and that the plaintiff should be responsible for the proper care of the waste gate situated on his ranch during times of high water. The decree then adjudged the plaintiff to be the owner of the amount of water aforesaid, and with the right of diverting the same as aforesaid, and with an interest in the ditch as aforesaid, and enjoined the defendants as aforesaid, and adjudged plaintiff to be responsible for the proper care of the waste gate during high water.

*Wm. M. Blackford* and *F. E. Stranahan*, for Appellant.

*Frank E. Smith*, for Respondents.

HUNT, J. The decree in the suit of Crowder against McDonnell et al., which was an action for specific performance, fixed the relationship between plaintiff and defendants as one of co-tenancy. This was a correct judgment upon the facts as found in that suit; for when Crowder purchased from Mills, one of the original owners in the ditch, the right to the use of 60 inches of the waters flowing therein, and his interest in the ditch itself, and went into possession with the defendants, he became the successor to a tenancy in common with the defendants who were also owners. (*Mining Co.* v. *Taylor*, 100 U. S. 37; *Meagher* v. *Hardenbrook*, 11 Mont. 385, 28 Pac. 451.) Regulations for the manner of use of the water by arrangement between co-tenants, or by order of the court, are not inconsistent with the relationship of a tenancy in common. "Where a ditch through which water is diverted and applied to any beneficial purpose is owned by several proprietors, and their relation is not defined by special agreement to the contrary, they are to be regarded as tenants in common of the ditch, and their rights are determined and governed by the rules of law regulating tenancy in common. As tenants in common, each one has the right to enter upon and occupy the

whole of the common property to maintain an action against
any co-tenant to recover his share of the rents and profits.
And where different persons separately appropriate the waters
of a stream, and are severally using the same under certain
regulations as to the° time and manner of such use, they are
tenants in common, and each of them may maintain an action
to enjoin a trespasser from diverting any portion of the water
thus appropriated.'' (Kinney on Irrigation, Section 301. See,
also, Pomeroy on Water Rights, Section 63.)

These well-established rules, when applied to the facts of
the case under consideration, lead to the affirmance of the gen-
eral view of the learned district judge, holding that plaintiff
could not recover herein for damages sustained on account of
the negligent construction or location of the ditch.    Mills,
plaintiff's grantor, having performed one-seventh of the work
of constructing the ditch from its beginning to the west line
of his land, plaintiff, as his successor, cannot sustain an action
against defendants, his co-tenants, for any negligence, the di-
rect cause of which his grantor, Mills, was equally guilty with
defendants.    This left the action as one simply for damages
resulting from the negligent maintenance of the ditch.    The
attention of the district court was not called to this particular
allegation of negligent maintenance, nor was it adverted to or
considered upon the ruling in granting the nonsuit.    But the
question has presented itself to us as one material to a de-
cision.    Ordinarily no action for negligent maintenance would
lie by one co-tenant against another; but upon the trial of this
action the plaintiff offered in evidence the judgment roll and
decree in the former suit of Crowder against McDonnell et al.,
and thus established, as *res adjudicata*, not only a relationship
of co-tenancy between his grantor and defendants, but the fur-
ther fact that an agreement existed between his predecessor,
Mills, and the defendants as his co-tenants, whereby Mills was
relieved from responsibility for repairs upon the ditch which
was the property of the co-tenants.    Plaintiff, having pur-
chased with knowledge, took the property subject to the con-
ditions of the agreement of his predecessor with his co-tenants,

and is himself accordingly relieved from liability for repairs upon the ditch. This being so, he has a right of action for damages, if any have been suffered on account of the negligent maintenance of the ditch due to a failure to keep the same in repair. He cannot recover, as indicated above, for damages resulting from percolation or overflow due to faulty location or construction, for he is himself responsible with his co-tenants for such damages; but he can for injuries accruing by reason of a failure to keep the ditch in a state of repair, so that it will carry water for the uses of himself as well now as it did before any repairs may have been necessary; and, of course, under the statute, he can always recover for damages arising by reason of the destruction of the ditch, or resulting from an ouster, or certain other abuses to the property whereby injury resulted to the other co-tenants. But we find the record does not justify any claim upon any of such other grounds.

So there is nothing left to examine, beyond the question whether or not, under the pleadings and evidence, plaintiff made out a *prima facie* case of damages because of a failure on the part of his co-tenants to keep the property in repair. Now, the omissions of these defendants, plaintiff's co-tenants, to repair the ditch, created no general liability, and constituted no tort, independently of the agreement between them and plaintiff's grantor, which relieved such grantor from contributing to repairs. It was only by virtue of that agreement, which, fairly construed, was, in our opinion, not alone a contract to relieve Mills of contributing to repairs, but was impliedly an obligation on defendants' part to keep up the necessary repairs, that plaintiff can sue at all. He therefore had no cause of action *ex delicto*, but did have *ex contractu*. It was really the breach of a contract which was relied on by plaintiff, and his complaint should have shown, upon the face of it, what the terms of the contract were, and the facts which constituted the breach thereof. Instead of pursuing this course, however, he disregarded any co-tenancy and contract, and framed his complaint upon the theory that defendants were

liable for a violation of a general duty. The proof neverthe-
less showed they were not so liable, because of their tenancy
in common, yet there was evidence tending to prove that they
were liable upon the contract, which did away with that im-
munity which would have been theirs except for such contract.
Defendants are not in a position to complain of this
ruling, inasmuch as they pleaded the decree and judgment
roll in the former suit, and by doing so established the very
contract which made them liable for repairs, and which re-
lieved plaintiff from responsibility in that respect. If the de-
cree had found only that the relationship of co-tenancy existed,
plaintiff ought to have been nonsuited; but as it, in effect, put
all the parties in a position towards the contract to repair the
ditch as if no such relationship existed, upon the issue of neg-
ligent maintenance for lack of repair plaintiff made out a suf-
ficient case to go to the jury. His evidence was very meager
upon the issue, but upon application for a nonsuit there was
enough to have required the court to overrule the motion. It
appears in testimony that the banks of the ditch were broken,
and were not repaired so as to put the ditch in as-good condi-
tion as it had been in former years.

The case is, therefore, brought within the scope of the rule
that the facts which the plaintiff failed to properly state were
supplied by the averments of the answer, together with the
record of the former suit, expressly averred, and admitted to
be binding in this action. (*Hamilton* v. *G. F. S. R. Co.*,
17 Mont. 334, 42 Pac. 860, and 43 Pac. 713; *Lynch* v. *Bech-
tel*, 19 Mont. 548, 48 Pac. 1112.) It was tried with this
record in evidence; plaintiff making it part of his case by
proof on trial, and defendants making it part of theirs by
pleading. Under such circumstances, there was no prejudice
to defendants' rights by the departure from the original theory
upon which the complaint was drawn; and while the court was
correct upon all the questions involved, except that of negli-
gent maintenance, upon that one point there having been a
sufficient showing to go to the jury, under proper instructions,
the case must be reversed.

The judgment is therefore reversed, and the cause is re-manded, with directions to grant a new trial according to the views herein expressed; costs to be equally divided between appellant and respondents.

*Reversed and remanded.*

PIGOTT, J., concurs.