| 30 | 229 |
|----|-----|
| 31 | 327 |

| 30 | 229 |
|----|-----|
| 38 | 417 |

| 30 | 229 |
|----|-----|
| f39 | 481 |
| 30 | 229 |
| f40 | 176 |

GROGAN ET AL., RESPONDENTS, *v.* VALLEY TRADING COMPANY, LIMITED, APPELLANT.

(No. 1,825.)

(Submitted March 21, 1904.   Decided April 12, 1904.

*Mortgage—Deed Absolute on Face—Release—Equity Jurisdiction—Limitations — Laches—Findings—Application of Payment—Theory of Complaint—Appeal.*

1. Where a deed absolute on its face is given as security for a debt, and the grantee gives bond for a reconveyance on payment of the debt, the transaction is a mortgage, which the debtor is entitled, on payment of the debt, to have released by reconveyance.

2. Where a deed absolute on its face was given as security for a debt, in an action to redeem the court of equity will determine plaintiff's right of possession, where the defendant makes no claim to possession except under the deed.

.3. Under the express provision of Code of Civil Procedure Section 558, the objection that an action was not commenced within the time limited by law can be taken only by answer.

4. Code of Civil Procedure, Section 518, providing that an action "for relief not hereinbefore provided for" must be commenced within five years, does not apply to actions concerning real estate.

5. Under Civil Code, Section 3780, providing that a party having an interest in property subject to a lien may redeem at any time after the claim is due and before his right of redemption is foreclosed, where no proceedings were ever instituted for foreclosure of a mortgage, the mortgagor, in bringing an action to redeem four years after the mortgagee went into possession, was not guilty of such laches as to deprive him of the right to relief.

.6. Under the express provision of Code of Civil Procedure, Section 1114, no judgment can be reversed on appeal for want of a finding at the instance of a party who has not requested the findings, nor in cases of defects in the findings, unless exceptions have been made in the trial court as provided in Section 1115.

.7. Under Civil Code, Section 2006, providing that where a debtor makes a payment which is equally applicable to two or more obligations it shall be applied according to the intention expressed by the debtor, or, if no such application is made, then the creditor may apply it to the extinction of any obligation, where several written instruments relating to the same indebtedness contained no provision for the order of payment, parol evidence was competent to show what application of a payment was agreed on.

8. Where a complaint alleged that a deed was given as security for a debt with certain chattel mortgages, and bond given for reconveyance on payment of the debt, that the transaction was a mortgage, and that the debt had been paid, and asked that the mortgage be canceled and satisfied by reconveyance of the property, a decree requiring a reconveyance was not a departure from the theory of the complaint, as awarding specific performance of the bond, since the bond merely constituted a part of the transaction with the other instruments.

9. The error in a finding that a deed was executed December 16, 1893, where, under the facts admitted, it was executed "on or about April 19, 1893," was harmless.

*Appeal from District Court, Gallatin County; Wm. L. Holloway, Judge.*

ACTION by Darius F. Grogan and another against the Valley Trading Company, Limited. From a judgment in favor of plaintiffs, and from an order overruling defendant's motion for a new trial, defendant appeals. Affirmed.

*Messrs. Hartman & Hartman,* and *Mr. A. J. Walwrath* for Appellants.

The objection that the complaint does not support the findings or the judgment or decree, or that the findings or judgment or decree are based upon a different theory from that taken by the pleadings, may be successfully urged for the first time in the supreme court. (*Gillette* v. *Hibbard,* 3 Mont. 412, 419; *Territory* v. *Virginia Post Road Co.,* 2 Mont. 96, 100; *Richards* v. *Lewisohn Bros.,* 19 Mont. 128, 130; *Tracy* v. *Harmon,* 17 Mont. 465, 467; *City of Helena* v. *Brule,* 15 Mont. 429, 432; *Foster* v. *Wilson,* 5 Mont. 53, 57; *Parker* v. *Bond,* 5 Mont. 1, 12; *Quirk* v. *Clark,* 7 Mont. 231.)

The judgment or decree should conform to the theory of the complaint or the pleadings, and if it does not, but is based upon some other theory, it will be reversed in the supreme court. The same rule applies to the findings and decision of the court or the verdict of the jury. (*Talbot* v. *Water Co.,* 73 Pac. 1111, 1112; *Harris* v. *Lloyd,* 11 Mont. 390; *Baldwin* v. *Ins. Co.,* 124 Fed. 206; *Benedict* v. *Bray,* 2 Cal. 251; *Kiskaddon* v. *Jones,* 63 Mo. 190; *Reynolds* v. *Stockton,* 140 U. S. 254; *Putnam* v. *Lamphier,* 36 Cal. 151; *Backman* v. *Sepulveda,* 39 Cal. 688; *Demick* v. *Cudihy,* 72 Cal. 110; *Jackson* v. *Miles,* 94 Ga. 484; *Boardman* v. *Griffin,* 52 Ind. 101; *Stone Co.* v. *Crofton,* 4 Ind. App. 571; *Bennett* v. *Smith,* 40 Mich. 211; *Bank* v. *Virgin,* 36 Neb. 735; *Perkins* v. *Mining Co.,* 10 Nev. 405; *Graham* v. *Read,* 57 N. Y. 681; *Arnold* v. *Angell,* 62 N. Y. 508; *Mower & Reaper Co.* v. *Thayer,* 50 Hun. 516; *Springer* v. *Westcott,* 87 Hun. 190; *Parsley* v. *Nicholson,* 65 N. C. 207; *Davis* v. *Hinchcliff,* (Wash.) 34 Pac. 915; *Gage* v. *Allen,* 84 Wis. 323; *Hendryx* v. *Perkins,* 114 Fed. 801.)

Respondents were guilty of gross laches in the pursuance of their remedy, and the complaint offers no excuse for the delay in commencing the action; laches must be excused in the bill to entitle the plaintiff to recover, and failure to so excuse it is fatal to the action. (*Wolf* v. *Great Falls, etc. Co.,* 15 Mont. 49; *Badger* v. *Badger,* 2 Wall. 87; *Marsh* v. *Whitmore,* 88 U. S. 178; *Boyd* v. *Wyley,* 8 Fed. 355; *Supervisors* v. *Drainage*

*Co.,* 52 Ill. 299; *Champau v. Chene,* 1 Mich. 400; *Bertine* v. *Varian,* 1 Edw. Ch. 343.)

Mr. J. W. Staats, and Mrs. Ella Knowles Haskell, for Respondents.

MR. COMMISSIONER POORMAN prepared the following opinion for the court:

This is an appeal from a judgment in favor of plaintiffs and from an order overruling defendant's motion for a new trial.

The complaint was filed September 8, 1900, and alleges the copartnership of plaintiffs; the incorporation of defendant; the continued ownership by plaintiffs since October, 1892, of lots 5 and 6, block 4, Crescent Addition in the town of Belgrade; an indebtedness of plaintiffs on April 18, 1893, to one John R. Watson, in the sum of $2,522, which included $300 plaintiffs then owed to the Belgrade Mercantile Company as the purchase price of the lots above named, and which were held by plaintiffs on a contract of sale; that plaintiffs gave to Watson their promissory note on that day for said sum, and executed as security therefor a certain chattel mortgage; that Watson paid the $300 to the Belgrade Mercantile Company, and took the deed to said property in his own name as additional security, and not otherwise, for the payment of the said note; that Watson executed and delivered to the plaintiffs a certain bond by which he agreed to convey these lots to plaintiffs upon their payment to him of the sum named in said note, said note and chattel mortgage being specifically mentioned in said bond; that on December 16, 1893, the plaintiffs renewed this note, which then amounted to $2,595.87, and executed to Watson their certain other chattel mortgage as security for the payment thereof; that on the last named day Watson executed and delivered to the plaintiffs his bond for a deed to the lots in question, providing that if plaintiffs should, on the 1st day of October, 1894, pay to said Watson the sum of $450, with interest at the rate of one per cent.

per month from date, he would reconvey said property to the plaintiffs; that the $450 provided for in this last-named bond was a part of the $2,595.87 named in the last note; that on August 10, 1894, the plaintiffs, in renewal of the former notes and mortgages, executed to Watson their certain other promissory note for $2,630.46; that this last named note was paid by plaintiffs and the said indebtedness satisfied between November, 1894, and March, 1895, and demand made of said Watson to reconvey said real property, but that he refused to make such reconveyance; that all of these various acts were parts of the same transaction; that on the 3d day of March, 1899, one A. H. Priest, an alleged assignee of the said Watson, pretended to sell and convey this property to the defendant, and that defendant at the time of such conveyance and prior thereto had full notice of the rights of these plaintiffs; that the conveyance of these lots by the said Belgrade Mercantile Company to said Watson was intended by the plaintiffs and by Watson as a mortgage upon said property, and not otherwise, and that upon the payment by plaintiffs to Watson of the sum of $450 the mortgage should, in effect, be canceled and satisfied by reconveyance of the property from him to these plaintiffs; and that defendant has been in the continued possession of the property since the 3d day of March, 1899, and received and enjoyed the rents and profits from the same, which were of the reasonable value of $15 per month. The plaintiffs demand an accounting, a conveyance and general relief.

To this complaint the defendant, by its attorneys, Walrath & Byam, filed a demurrer, in which they allege that Priest, as the assignee of Watson, conveyed the property by warranty deed to defendant; that the complaint does not state facts sufficient to constitute a cause of action, and is indefinite. This demurrer was overruled, and the defendant then answered, denying the allegations of the complaint.

At the trial of the action the defendant admitted everything alleged in the complaint except the payment of the note of August, 1894. The court found that the plaintiffs were, and

had been since August 1, 1892, the owners of the lots in question, and that the deed which the plaintiffs had caused to be executed to Watson was a security for $450 of said indebtedness; that the same had been paid by the plaintiffs on or prior to March, 1895; that defendant had been in possession of the property since March 3, 1899; and that the fair rental value thereof was $7 per month. The conclusions of law are to the effect that the defendant had notice of the equities of the plaintiffs; that plaintiffs were entitled to a reconveyance, and were entitled to recover the rental value of $7 per month. Judgment was entered in accordance with these findings and conclusions and for the actual possession of the property.

1.   The action is evidently one to have a deed declared a mortgage, for an accounting, and for leave to redeem. The only question of fact presented is as to the payment. And the only part of the indebtedness necessary to be considered is that which relates to the real estate in question. Under the evidence and the facts stated in the complaint and admitted this entire transaction, so far as it relates to this real estate, is a mortgage. As against the plaintiffs only the naked legal title to the land passed to Watson; he merely taking the deed to the land, and holding the same as a mortgage. It was certainly within the authority of the contracting parties, to-wit, plaintiffs and Watson, to make a valid agreement between themselves as to the amount of this indebtedness which should be charged against this land security; and their last agreement on this subject was the $450 bond, which was recorded. The court properly found that this indebtedness had been paid. Whether the remainder of the last note had been paid is immaterial, so far as the rights of this defendant are concerned. The indebtedness for which the land was held as security having been paid, the plaintiffs became, as a matter of right, entitled to have the mortgage released, and where the mortgage is in the form of an absolute deed the proper form of a release is by conveyance. (*Adair* v. *Adair*, 22 Ore. 115, 29 Pac. 193; *Miller* v. *Thayer*, 74 Cal. 351, 16 Pac. 187; *Beach* v. *Cooke*, 28 N. Y. 508, 86 Am. Dec. 260.)

2.   It is claimed that the plaintiffs are not in this action entitled to a decree awarding them possession of the property; that such decree could only be granted in an independent suit for possession.   Proceedings to redeem are everywhere recognized as equitable ones (17 Ency. Pl. & Pr. 947), and, while equity will not pass upon purely legal questions, or determine the right of possession when these matters are the principal questions involved, yet where the possession necessarily follows as of course and of right from the purely equitable questions properly presented and decided, the party will not be required to institute another suit in another forum, but will be given complete relief by the chancery court.   As stated by Lord Nottingham in *Parker* v. *Dee,* 2 Ch. Cas. 200:  "Where this court can determine the matter, it shall not be a handmaid to other courts, nor beget a suit to be ended elsewhere."   In *Ober* v. *Gallagher,* 93 U. S. 199, 23 L. Ed. 829, the court says:  "Having obtained rightful jurisdiction of the parties and the subject-matter of the action for one purpose, the court will make its jurisdiction effectual for complete relief."   "When a court of equity acquires jurisdiction of a suit for the purpose of determining whether or not a conveyance is in fact a mortgage, it will retain its jurisdiction for the purpose of adjusting all differences between the parties growing out of the transaction." (*Lane* v. *Beitz,* 99 Ill. App. 342; *Posten* v. *Miller,* 60 Wis. 494, 19 N. W. 540; *Prickett* v. *Muck,* 74 Wis. 199, 42 N. W. 256; *Gerrish* v. *Black,* 109 Mass. 474.)   See, also, *McConnell, Adm'r, et al.* v. *Combination M. & M. Co. et al.* (decided by this court on the 12th day of April, 1904), 30 Mont. 239, 76 Pac. 194.   In this case the only right to the possession which the defendant claims is under and by virtue of his conveyance from the assignee of Watson, and it has been found that the conveyance which Watson held, though a deed absolute on its face, was in fact a mortgage.   The defendant had succeeded to the rights of Watson in the property. (*Posten* v. *Miller, supra*). and as the plaintiffs, under the showing here made, would have been entitled to a conveyance from Watson, they are entitled

to the same thing from the assignee of Watson, the defendant in this action, who took the property with full knowledge of the equities of plaintiffs. The allegations of the complaint are somewhat incomplete as to the character of conveyance from Priest to the defendant, but the defendant supplies this deficiency by alleging specifically the character of this conveyance, to-wit, a warranty deed. (*Lynch* v. *Bechtel,* 19 Mont. 548, 48 Pac. 1112; *Crowder* v. *McDonnell,* 21 Mont. 373, 54 Pac. 43.)

3.   It is also contended that the action is barred by the statutes of limitation; but this question was not raised by the pleadings, as required by Section 558 of the Code of Civil Procedure. Furthermore, it was held in *Burt* v. *Cook Sheep Co.,* 10 Mont. 571, 27 Pac. 399, that Section 518, Code of Civil Procedure, cited by appellant, does not apply to actions concerning real estate.

4.   It is further contended that plaintiffs have been guilty of laches in bringing this action. It is apparent from this record that neither the defendant nor its predecessor in interest ever instituted any proceeding for the foreclosure of this mortgage on this land, and a party having an interest in property subject to a lien has a right to redeem from the lien at any time after the claim is due and before his right of redemption is foreclosed. (Section 3780, Civil Code.) No claim of adverse possession could be sustained under the facts appearing in this record.

5.   It is further contended that the court should have made a finding as to whether the entire indebtedness had been paid. It appears, however, that no request was made for such finding, and the same cannot be complained of now. (Sections 1114, 1115, Code of Civil Procedure; *Yellowstone Nat'l Bank* v. *Gagnon,* 25 Mont. 268.) Furthermore, such a finding would be immaterial.

6.   It is also claimed by appellant that the court erred in admitting testimony as to an agreement between respondents and Watson respecting the application of the first moneys paid on this indebtedness. The several written instruments relating

to the same indebtedness not providing for the order of payment nor making any reference thereto, parol evidence was competent to show what, if any, application of the proceeds of the personal property was agreed upon. (Section 2006, Civil Code; *Clarke* v. *Scott,* 45 Cal. 86; *Eppinger* v. *Kendrick,* 114 Cal. 620, 46 Pac. 613; Benj. on Sales, (4th Am. Ed.) Sec. 1103 *et seq.* and note.)

7. It is further claimed by appellant that plaintiffs had executed divers and sundry chattel mortgages on 300,000 pounds of grain, which plaintiffs claim was seized and appropriated by Watson. This may all be true, but there is no evidence that this other indebtedness was paid from the grain seized by Watson.

8. We cannot agree with appellant's contention that the court departed from the theory of the complaint, and awarded specific performance of the bond. If the bond were a separate transaction, there might be force in this contention; but the bond, the note and the chattel mortgage are separate parts of one transaction. The bond is the written agreement between the parties as to the amount of the indebtedness which should be charged against the real estate.

9. The finding of the court is open to the construction that the deed from the Belgrade Mercantile Company to Watson was executed December 16, 1893. Under the facts admitted this deed was executed "on or about April 19, 1893." This error, however, is not prejudicial to defendant.

We have found no reversible error in the case, and recommend that the judgment and order be affirmed.

PER CURIAM.—For the reasons stated in the foregoing opinion, the judgment and order appealed from are affirmed.

MR. JUSTICE HOLLOWAY, being disqualified, takes no part in this decision.