McGuire *v.* Callahan.

A party to a contract can not treat it as good in part and void in part, but he must affirm it, or avoid it, as a whole.

If a party desires to avoid a contract, either on the ground of fraud or drunkenness, he must first place his adversary in the identical situation in which he was before the contract was executed.

APPEAL from the *Vigo* Common Pleas.

Worden, J.—Action by *Callahan* against *McGuire,* for goods sold and delivered, etc.

Trial; verdict and judgment for the plaintiff.

The case is before us on the evidence, which strongly preponderates in favor of the defendant, though, in some respects, it is conflicting. There is one particular, however, in which it totally fails to sustain the verdict. The plaintiff had executed to the defendant the following instrument, in writing, viz:

" In consideration of my indebtedness to *Andrew McGuire*, and the costs of his suit against me, and certain claims which the said *McGuire* agrees to pay for me, I have sold, and do hereby sell, convey, and deliver to the said *McGuire*, the canal boat *Bremen* and fixtures; one black pony, inclined to be roan, with three white feet, blaze face; and one bay roan horse, belonging to said canal boat *Bremen*, and the harness and saddles to the horses; to have and to hold the same to the said *McGuire* forever. In witness whereof, I have signed my name, this 30th day of November, 1860.

" JAMES CALLAHAN."

This suit was brought to recover the value of the property embraced in the foregoing instrument. The plaintiff seeks to avoid the instrument, on the ground of fraud and drunkenness. He can not, however, treat the instrument as void, and, at the same time, as good. If the instrument is good, the plaintiff can maintain no action to recover the value of the property thus sold, if the defendant has performed the stipulations to be by him performed, which, for aught that appears, he has done. If the instrument is voidable, either on the ground of fraud or drunkenness, the plaintiff, before he can avoid it and maintain an action for the value of the property thus transferred, must place the defendant in *statu quo*, by refunding to him what he has advanced in pursuance of the contract. *Teter et al.* v. *Hinders et ux.*, at the present term. 2 Story on Cont., sec. 844 *a*. 2 Parsons on Cont., 192. This doctrine, in our opinion,

is as applicable to contracts voidable on the ground of drunkenness, as those voidable on the ground of fraud. Drunkenness does not make a contract void, but only voidable. 1 Story on Cont., sec. 45, and authorities in note 4, p. 86.

In the case of *Arnold* v. *Richmond Iron Works*, 1 Gray, 434, it was held that a deed conveying land, executed by a person of *unsound mind*, is voidable only and not void; and in order to avoid it, on being restored to his right mind, he must surrender the price, if paid, or the contract for its payment, if unpaid. The Court say it must be affirmed or avoided as a whole. It can not be affirmed in part, so as to hold the price, and disaffirmed in part, so as to avoid the conveyance.

It appears, by the evidence, that the defendant, in pursuance of the contract, has not only receipted a judgment which he held against the plaintiff, but that he has paid several sums of money to third persons for him, which have not been refunded or offered to be refunded. The plaintiff can not thus retain the benefit of the contract on the one hand, and repudiate it on the other.

*Per Curiam.*—The judgment below is reversed, with costs, and the cause remanded.

*William Mack* and *B. B. Moffatt*, for the appellant.