Filed May 27, 1893.

———◆———

No. 833.

## MILLER ET AL. *v.* RAPP.

SUPREME COURT.— *Jurisdiction.— Suit in Equity.—Partnership.—Accounting and Dissolution.*—Jurisdiction, on appeal, of a suit for an accounting and dissolution of a partnership is in the Supreme Court, being one of special equitable cognizance, and requiring a specific decree to enforce it, and being such a suit as, prior to June 18, 1852, was of equitable cognizance.

APPELLATE COURT.—*Jurisdiction.—Statute Construed.—Suits in Equity.*—The purpose of the second exception to the jurisdiction of the ap-

pellate court is not to take from such court all equitable powers, but its purpose is to take therefrom a particular class of cases, such as were known and designated as suits in equity prior to the 18th day of June, 1852, and which required specific decrees to enforce them.

From the Wells Circuit Court.

*G. A. Mason, A. L. Sharp, E. R. Wilson* and *J. J. Todd*, for appellants.

*M. Vaughn*, for appellee.

LOTZ, J.—The appellants brought this suit against the appellee, alleging in their complaint that they and the appellee were partners engaged in the business of buying, slaughtering, and selling live stock; that differences had arisen between them and the appellee as to the management and conduct of said business, and as to the division of the profits and property of said firm. They prayed the judgment of the court dissolving said partnership, for an accounting between the partners, the appointment of a receiver to wind up its affairs, and that the proceeds, after paying all the debts, be distributed between them in accordance with their interests, and all other proper relief.

A receiver was appointed on appellants' application, who qualified and took possession of the partnership property, and sold the same under the order of the court. After said receiver had been appointed, appellee filed an answer and a cross-complaint. In his cross-complaint, he also asked for an accounting and winding up of the affairs of the partnership. The cause was put at issue and tried by the court.

The court made a special finding of the facts, and an accounting between the parties, and stated its conclusions of law, and rendered a final judgment in favor of the appellee and against the appellants. From this judgment this appeal is prosecuted.

. We are confronted at the threshold with the question of the jurisdiction of this court. Section 1, of the act of February 16, 1893 (Acts 1893, p. 29), defines and limits the powers and jurisdiction of this court.

The second exception to the court's jurisdiction found in said section is as follows: "The appellate court shall not have jurisdiction of suits in equity, hereby meaning by the term 'suits in equity' such cases as were known and recognized prior to the 18th day of June, 1852, as suits of equitable cognizance, and wherein specific decrees are appropriate and essential."

This leads to the inquiry as to what a suit in equity was prior to the adoption of the present code. The law gives a remedy to every person whose rights are infringed. He is generally required to seek his redress in a court of justice. The method by which he sets the court in motion is by a suit or action. Hence a suit is any proceeding in a court of justice by which a person pursues that remedy which the law allows him. Whatever the mode, if the right is litigated, the proceeding by which the judgment of the court is sought, is a suit. The words "suit" and "action" are generally synonymous, although the term "suit" is the appropriate one to designate a proceeding in a court of equity, and "action" to designate a proceeding in a court of law.

In English jurisprudence there are several kinds of courts. We have the law courts and equity courts. The law court is presided over by a judge, and the equity court by a chancellor. In some jurisdictions these courts are kept separate and distinct; in others the two methods of administering justice are enjoined upon the same court, but the forms of procedure in the different classes of cases are as distinct as if there were two courts, one of law and one of equity. It was this latter kind of courts and method

of procedure that was in vogue in Indiana prior to the adoption of the present code.

If, prior to 1852, any person desired to bring an action in a court of this State, his first inquiry was to determine whether it was a suit in equity or an action at law. If it was a suit in equity, it went upon the chancery side of the court; if at law, it fell upon the law side of the court. The essential difference between a court of equity and a court of law, or between the equity side and law side of the same court, consists in the different modes of administering justice; in the mode of proof, trial, and relief afforded.

Equity adapts its decrees to all the varieties and circumstances which may arise, and adjusts them to all the peculiar rights of all the parties in interest; while a court of law is bound down to a fixed and invariable method of procedure and form of judgment, the judgment being, in general terms, absolute for the plaintiff or defendant.

The purpose of the code was not to do away with equity procedure or law procedure, but to simplify and blend the two systems into one, so that the same court might administer justice in any case by appropriate procedure and judgment.

The purpose of the exception in the statute above quoted is not to take from this court all equitable powers or all equitable cases; for jurisdiction is given of certain equitable proceedings by other clauses of the same section; but its purpose is to take from this court a particular class of cases, such as were known and designated as suits in equity prior to 1852, and which require specific decrees to enforce them.

The main purpose of appellants' complaint and of appellee's cross-complaint is to have the partnership dissolved and its affairs closed out. An account must be

taken, the assets must be marshalled and applied first to the debts, and the residue, if any, distributed among the partners.  A receiver is one of the instruments by which the end sought is accomplished.  Every order of the court requires a specific decree.  A bill for an accounting and dissolution of a partnership is one of special equitable cognizance.  An action at law can not be maintained by one partner against the other, except after an accounting, balance struck, and express promise to pay. *Arnold* v. *Arnold*, 90 N. Y. 580.

"But equity removes the obstacles, and enables the partners to dissolve the partnership, pay the debts, state the account, and ascertain and divide the surplus." Beach Mod. Eq. Jur., section 873; Daniell's Ch. Pl. and Pr., 1248, 1249.

Having reached the conclusion that the case made by the complaint and the cross-complaint falls within that class which were known as "suits in equity" before the adoption of the present code, and that a specific decree is appropriate and essential to enforce the judgment and order of the court, we conclude that this court has no jurisdiction.  *Huber* v. *Beck*, 6 Ind. App. 484, 32 N. E. Rep. 1025.

The clerk is ordered to transfer this cause to the docket of the Supreme Court.

Filed May 24, 1893.