LEATHERMAN ET AL. v. THE BOARD OF COMMISSION-
ERS OF ORANGE COUNTY ET AL.

[No. 2,312.    Filed June 4, 1897.]

From the Orange Circuit Court. *Transferred to the Supreme Court.*
J. A. *Zaring*, M. B. *Hottel* and T. B. *Buskirk*, for appellants.
L. C. *Wright* and W. J. *Throop*, for appellees.

WILEY, C. J.—The question involved and relief prayed for in this appeal are not within the jurisdiction of this court. Appellants filed with the board of commissioners of Orange county their petition, praying for the construction of certain gravel roads, under the act approved March 3, 1893, and the amendatory act approved March 7, 1895. (See Acts 1893, page 196, and Acts 1895, page 143.) After said petition had been filed, it is averred in the complaint that, without the knowledge or consent of appellants, the same was "changed, modified, and added to," by embracing other roads to be improved. The complaint charges that after said changes had been made, the board of commissioners were proceeding, under the provisions of the statute, to have said roads constructed as modified and changed, and that to that end had appointed an engineer and viewers to make survey, reports, etc., and would proceed to establish and construct said roads unless restrained. The prayer of the complaint is as follows: "Wherefore the plaintiffs ask that an order be granted restraining the defendants from accepting said report of said engineer and viewers, and from ordering a copy of the same published, * * * and from making or taking any further steps or orders towards the building and construction of said road, or the holding of an election therefor, and that they be restrained from the building and construction of the same, or making of any order in the direction thereof, and that on the final hearing they be perpetually enjoined, etc."

Upon the filing of the complaint a temporary restraining order was issued. Afterwards the appellees demurred to the complaint, which demurrer was sustained, and appellants, declining to amend, judgment was rendered against them for costs. It is clear from the averments and prayer of the complaint that the relief sought is purely equitable.

The amendatory act of 1893, defining and prescribing the jurisdiction of this court, provides that "The Appellate Court shall not have jurisdiction of suits in equity, hereby meaning by the term 'suits in equity,' such cases as were known and recognized prior to the 18th day of June, 1852, as suits of equitable recognizance [cognizance]." Under this provision of the statute and on the authority of *Pullen* v.

Western Union Tel. Co. *v.* Todd.

*Edwards, ante,* 647, the jurisdiction of this appeal is in the Supreme Court. An application for an injunction is within the meaning of the term "a suit in equity," and it follows, therefore, that this appeal must be transferred to the Supreme Court, which is so ordered.