THRUSTON v. BIG STONE GAP IMP. CO. (MINERAL DEVELOP-
MENT CO., Petitioner).

(Circuit Court, W. D. Virginia. April 2, 1898.)

No. 407.

1. EQUITY PLEADING—CROSS BILL—NATURE.

A cross bill is in the nature of a defense, may be filed only by a party to the suit, and may not introduce new matter or new parties.

2. SAME—CROSS BILL AND INTERVENING PETITION—WHEN ENTERTAINED.

Where, in a suit by a trustee to foreclose a trust deed, a bondholder under such trust deed, not a party to the suit, files a so-called "petition and cross bill," setting up misconduct of the trustee in his management of the trust, and asking relief against the trustee for the sole benefit of the petitioner, without controverting any issue of the original bill or resisting the prayer for foreclosure, held: (a) That such petition cannot be entertained as a cross bill, being filed by a stranger to the cause; (b) that it cannot be entertained as a petition for leave to be made a party and file a cross bill, since it states a cause of action which, although growing out of the same transactions, is virtually independent, and a cross bill embodying such matter could not be entertained, even if the intervening petition were granted.

St. John Boyle, for plaintiff.

R. A. Ayers, for defendant.

H. S. K. Morrison, for petitioner.

SIMONTON, Circuit Judge. This bill is filed by R. C. Ballard Thruston, a citizen and resident of the state of Kentucky, the trustee of a mortgage given by the Big Stone Gap Improvement Company, a corporation of the state of Virginia, to secure bonds in the aggregate $1,000,000. The deed under which he holds authorizes the trustee to sell the mortgaged premises on default, but he prefers to come into this court. The prayer of the bill is for foreclosure and sale. To this bill the mortgagor is the sole defendant, and its answer on file admits the execution of and the default upon the mortgage. The cause being thus at issue, a petition is filed by the Mineral Development Company, a corporation of the state of Virginia, holder of bonds secured by the mortgage to the amount of $40,000, with unpaid coupons to the amount of $16,000. This petition sets out action on the part of the trustee of which it complains, maladministration of the trust, loss of trust funds, devastavit in the management of them, the declaration of dividends, and the payment of them in a mode contravening the terms of the trust deed, the destruction by his acts of equality among the bondholders, a failure on his part to comply with the laws of Virginia, requiring him, as trustee, to settle his accounts with the commissioner of accounts of Wise county, where the land mortgaged is situate, and, above all, the right to an account from him as trustee. The prayer of the petition is that the petitioner be made a party to this suit; that he have leave to file a cross bill; and that this petition be taken as such cross bill. In fact, it has been filed as such cross bill, and process has been issued and served thereon. The trustee has been served under the act of 1875, as a resident and citizen of another district than this.

The complainant and defendant unite in a motion to dismiss the cross bill as improperly filed by a stranger to the cause. There can be no doubt that a cross bill is in the nature of a defense, and can only be filed by one a party to the cause. "A cross bill," says Mr. Daniell (Ch. Prac. [3d Am. Ed., Perkins] 1649), "is a mode of defense. The original bill and the cross bill are but one cause. It must be confined to the subject-matter of the original bill, and cannot introduce new and distinct matters not embraced in the original suit; and, if it do so, no decree can be founded on those matters." So, also, Story, Eq. Pl. § 389: "A cross bill ex vi terminorum implies a bill brought by a defendant against the plaintiff in the same suit, or against other defendants, or against both, touching the matters in question in the original bill." In Shields v. Barrow, 17 How. 145, the court say: "New parties cannot be introduced by a cross bill. If the plaintiff desires to make new parties, he amends his bill, and makes them. If the interest of a defendant requires their presence, he takes the objection of nonjoinder, and the complainant is forced to amend or to have his bill dismissed. If, at the hearing, the court finds that an indispensable party is not on the record, it refuses to proceed. These remedies cover the whole subject, and a cross bill to make new parties is not only improper and irregular, but wholly unnecessary." As a cross bill, therefore, this paper would necessarily be dismissed. The service of process heretofore had upon it is void, and is vacated.

Can it be entertained as a petition for leave to intervene and be made a party with the object of filing thereupon a cross bill? The scope of the bill in the main cause is the foreclosure of mortgage upon realty. Its prayer is decree for sale upon such foreclosure. The execution of and the default upon the mortgage is admitted. The petition does not controvert any of these issues, nor does it resist the prayer for foreclosure. It sets up other facts and allegations looking to the conduct of the trustee. It seeks relief for itself against certain acts on the part of the trustee, alleged to be illegal, wasteful, and improper, and prays a decree against the trustee in its own behalf therefor. This is wholly an independent matter, growing, indeed, out of the mortgage transaction, but by no means an essential consideration in determining whether or not it should be foreclosed. It introduces into the case new facts, new charges, new allegations, new elements, and asks for totally different relief, in which the present defendant has no concern, and in which the petitioner alone under his proposed pleading will share. Even were it to be made a party, its allegations could not be considered, nor its relief be given under a cross bill. It would require an original and independent suit. The case of Fidelity Trust & Safety-Vault Co. v. Mobile St. Ry. Co., 53 Fed. 852,—a persuasive authority, ably discussing this question,—reaches this conclusion.

It is urged with great force that, when a court of equity takes hold of a matter, it will decide the whole case, thus saving the necessity for several proceedings. Ordinarily, this is so. If an

original bill were filed by the petitioner against this trustee, and the court could take jurisdiction of him, then the present cause and the new cause might either be consolidated or heard together. But, inasmuch as the trustee is not a citizen of or resident of this district, he cannot be compelled to answer here. Such a suit would not be to enforce any legal or equitable claim against real or personal property within the district. Rev. St. U. S. § 738. It is an action for breach of trust, local in its nature, resulting, if it be successful, in a personal judgment against Thruston, payable out of his own property. Under these circumstances, this court could not acquire jurisdiction over him but by his own consent. The petition is dismissed.