STATE EX REL. SCHATZ, RELATOR, *v.* DISTRICT COURT, RESPONDENT.

(No. 2,786.)

(Submitted November 29, 1909.   Decided December 17, 1909.)

[105 Pac. 554.]

*Mortgages—Action to Redeem—Venue—Jurisdiction—Waiver— Writ of Prohibition.*

Mortgages—Redemption—Nature of Action.
    1.   An action, the complaint in which alleged that plaintiff had executed a mortgage upon his real property to secure a loan; that defendant mortgagee had advanced only a small portion of said loan but fraudulently claimed the whole amount to be due; that plaintiff was ready and willing to pay the sum actually advanced, with interest; and that the mortgage constituted a cloud upon his title; and then prayed that defendant be required to accept the amount actually due in full payment of the mortgage; that plaintiff's title be quieted, etc., was to redeem from the mortgage, and hence one *in personam.*

Same—Redemption—Change of Venue—Waiver—Jurisdiction.
    2.   *Held,* on application for writ of prohibition, that while an action to redeem from a mortgage on real property should have been brought in the county in which the mortgagee resided (Revised Codes, sec. 6504), yet where it was instituted in the county in which the mortgagor had his residence, but defendant failed to ask for a change of venue to his home county, as he could have done under section

6505, the court in which the suit was commenced had jurisdiction to try it.

Original application in the name of the state, on the relation of Ludwig Schatz, for writ of prohibition to the district court of the county of Silver Bow. Proceedings dismissed.

*Messrs. Clayberg, Maloney & O'Flynn* submitted a brief in behalf of Relator.

We believe the action brought in the district court falls within that class of cases designated by the court in *Gassert* v. *Strong,* 38 Mont. 18, 98 Pac. 497, as actions *quasi in rem,* if it does not in fact have all of the characteristics and elements of an action purely *in rem,* and must therefore be brought in the county where the subject of the action is situated. It is not an action *in personam,* however, and hence must be an action *in rem* or *quasi in rem.* We have been unable to find any case where the precise question has been raised under the same facts as are found here. But we have found, and cite below, cases where this or a similar question, founded upon the same principle of law, has arisen and been decided under facts analogous to those in this cause, and we feel assured that the same reasoning and rules of law should be applied to the case at bar as are applied to them. (See *Sloss* v. *De Toro,* 77 Cal. 129, 19 Pac. 233; *Herd* v. *Tuohy,* 133 Cal. 55, 65 Pac. 139; *Baker* v. *Fireman's Fund Ins. Co.,* 73 Cal. 182, 14 Pac. 686; *Bush* v. *Treadwell,* 11 Abb. Pr., n. s., 27; *Smith* v. *Smith,* 88 Cal. 572, 26 Pac. 356; *Bailey* v. *Cox,* 102 Cal. 333, 36 Pac. 650; *Booker* v. *Aitken,* 140 Cal. 471, 74 Pac. 11; *McFarland* v. *Martin,* 144 Cal. 771, 78 Pac. 239; *Southern Pac. R. R. Co.* v. *Pixley,* 103 Cal. 118, 37 Pac. 194.) In the case of *Urton* v. *Woolsey,* 87 Cal. 38, 25 Pac. 154, plaintiff expressly asked for a foreclosure of a lien, and, under the constitutional provision, such an action must be brought in the county where the land lies. The same rule should apply in the case at bar, for the reason that the effect of the judgment therein will be the same as in foreclosure, although, strictly, foreclosure is not asked for.

For Respondent there was a brief by *Messrs. Maury & Templeman,* and *Mr. J. O. Davies.*

Cause submitted on briefs of counsel.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On January 12, 1909, George Uffel commenced an action in the district court of Silver Bow county against Ludwig Schatz. In the complaint it is alleged that Uffel is the owner and in possession of certain real estate situated in Broadwater county; that on December 8, 1896, Uffel and his wife executed and delivered to Schatz a mortgage upon the property mentioned to secure a loan of $3,000, and that the mortgage was duly recorded; that Schatz agreed to advance on such mortgage as security the full sum of $3,000, but that he has failed and refused to advance such sum or any part thereof, except the sum of $476.95; that Schatz falsely and fraudulently claims that there is due him by virtue of said mortgage the full sum of $3,000 and interest thereon at ten per cent *per annum* from December 8, 1896. It is then alleged that Uffel is ready, able and willing to pay Schatz the sum of $476.95, together with interest thereon, at the rate of ten per cent *per annum,* from December 8, 1896, to the date of the commencement of the action, and that the mortgage constitutes a cloud upon his title to the property. The prayer is that Schatz be required to accept the sum of $476.95 and interest in full settlement and payment of the mortgage, and that, upon such payment being made, Uffel's title to the property be quieted, and for general relief. Schatz appeared in the action, and made timely application for a change of the place of trial from Silver Bow county to Broadwater county, upon the ground that the action was one to quiet title and to determine an interest in, or right to, lands situated in Broadwater county. This application was denied, and Schatz applied to this court for a writ of prohibition to restrain the district court of Silver Bow county from proceeding further in

the cause. The affidavit filed in this court sets forth the foregoing facts more in detail, and states that the relator herein has commenced an action against Uffel and wife in Broadwater county to foreclose the mortgage mentioned, and that, if the first-mentioned action is tried in Silver Bow county, Schatz will be unable to procure the attendance there of necessary witnesses. An alternative writ was issued, and, upon the return thereof, the district court appeared and filed a general demurrer, and the matter was submitted for decision.

1. The principal contention is made over the character of the action instituted in Silver Bow county by Uffel against Schatz. But the facts stated in the complaint in that action leave no doubt in our minds upon this question. Section 5723, Revised Codes, provides: "Every person having an interest in property subject to a lien has a right to redeem it from the lien, at any time after the claim is due, and before his right of redemption is foreclosed." That section is a part of Chapter I, Title XIV. Section 5709, another portion of the same Chapter, provides: "Contracts of mortgage, or pledge, are subject to all the provisions of this Chapter." This, then, was clearly an action by Uffel to redeem from the Schatz mortgage, is directly authorized by law, and is a proper form of action in a case of this character. (*Grogan* v. *Valley Trading Co.*, 30 Mont. 229, 76 Pac. 211.) In *Boston etc. R. R.* v. *New York etc. R. R.*, 12 R. I. 220, the supreme court of Rhode Island, in speaking of a suit to redeem, said: "Its object is to compel a person to accept a certain sum of money, the effect of which is to release a claim upon property." The first portion of the prayer in effect asks for this relief, and the mere fact that the plaintiff also prays that his title be quieted is of no moment, since that would follow as of course from the discharge of the mortgage.

2. The object of the suit being to redeem, the action is one *in personam*. In *Kanawha Coal Co.* v. *Kanawha & Ohio Coal Co.*, 7 Blatchf. 391, Fed. Cas. No. 7606, the suit was brought in the circuit court for the southern district of New York. The court said: "It is objected that, as this suit relates to lands

lying in West Virginia, this court has no jurisdiction of this suit. But it is the ordinary case of a bill to redeem a mortgage. The owner of the equity of redemption or the party entitled to redeem must seek the mortgagee, or the party holding the lien on the land, in the forum where jurisdiction *in personam* can be obtained over such mortgagee or party, without reference to the *situs* of the land. The subject of controversy is immediately the mortgage or trust security from under which the land is sought to be redeemed. That is personal property and follows its owner.'' (See, also, *Boston etc. R. R.* v. *New York etc. R. R.*, above.) The suit should have been commenced in the county in which the defendant Schatz resides (section 6504, Revised Codes); but section 6505 provides: ''If the county in which the action is commenced is not the proper county for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper county.'' Schatz, being a resident of Powell county, might properly have asked that the place of trial be changed to that county, but, failing to make such request, the district court of Silver Bow county has jurisdiction to proceed.

The demurrer is sustained, and the proceedings are dismissed.

*Dismissed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.