### PATTERSON v. GRAY et al.

#### No. 4746.

Circuit Court of Appeals, Seventh Circuit.

Jan. 5, 1933.

388

George I. Haight and Edmund D. Adcock, both of Chicago, Ill., D. H. Ortmeyer and Bert C. Cheatham, both of Evansville, Ind., and Horace E. Gunn, of Chicago, Ill., for appellant.

Isidor Kahn and Wm. C. Welborn, both of Evansville, Ind., for appellees.

Before ALSCHULER and SPARKS, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge..

The sole question presented by this appeal is whether the federal District Court for the Southern District of Indiana has jurisdiction of the instant suit.

It is quite obvious that the primary basis of the action is the alleged fact that appellee William W. Gray deceived and misled appellant by falsely representing to her that the value of the estate of Allen Gray did not exceed the sum of $1,500,000, and the further fact that she was thereby induced to, and by reason thereof did, release and transfer to Birdie R. Gray, for her husband, William W. Gray, appellant's entire interest in the estate, which resulted in the damage of which she complained.

We think the court's ruling in dismissing the bill for lack of jurisdiction was proper. The facts pleaded constitute a legal action for deceit. The complaint is good on that theory, whether appellant intended it so or

not, and we are convinced that there is no other cause of action stated.

On the facts pleaded, appellant had her choice of two causes of action, but she could not have both. She could rely on the contracts and hold that which she had received under them, and sue William W. Gray for damages on account of his fraudulent representations; or she could rescind the contracts and have returned to her the interest in the property, or its equivalent, which she had transferred to William W. Gray, provided she returned what she had received or made an equitable tender. Until she rescinded the contracts, she had no interest in the trust estate, either legal or equitable, and her remedy in that event would be against William W. Gray for damages. Shaw v. Barnhart, 17 Ind. 183; McGuire v. Callahan, 19 Ind. 128; Horner v. Lowe, 159 Ind. 406, 411, 64 N. E. 218, 220; Perry on Trusts (1929), Vol. 2, pp. 1413, 1414.

In Horner v. Lowe, supra, the court said: " * * * being possessed of the fruits of the contract as ultimately made, it became necessary for appellee to elect as to the *status* that the transaction should assume. If he would have accomplished a rescission, it was his duty to so elect with reasonable promptitude, and to return or offer to return whatever of value he had received by the contract. By an omission to pursue this course he affirmed the contract."

The bill discloses that on September 26, 1928, appellant was apprised by William W. Gray of the fact that the true value of the estate at the time she entered into the contracts was more than three and a half million dollars in excess of what he had represented to her the estate was worth when the contracts were made. This action was instituted on January 5, 1931, and she has not yet rescinded the contracts and does not ask her release from them, and she prays for damages resulting to her by reason of the misrepresentations. We are not passing on her right to rescind her contracts now or later, for that question is not before us. These observations are made from facts alleged in the bill, and are for the purpose of showing the impossibility of construing the bill to be based upon any theory which assumes that she had any present interest in the trust property, for she cannot have such interest until her contracts are rescinded.

Our position in this matter is further fortified by the fact that, even though the contracts be considered rescinded, she still would have no right to quiet her title to any of the trust property under section 57 of the Judicial Code (28 USCA § 118) as she contends; for, under the will, she would have no present and subsisting interest. She receives nothing under the will unless she survives William W. Gray, and therefore has no such interest and never had such interest as contemplated by section 57 of the Judicial Code, supra. De Rees v. Costaguta (C. C. A.) 275 F. 172, 177; Vidal v. South American Securities Co. (C. C. A.) 276 F. 855, 870–873; Scott v. Neely, 140 U. S. 106, 11 S. Ct. 712, 35 L. Ed. 358.

Under such circumstances, we regard the bill as stating a legal cause of action for deceit, of which a court of equity has no jurisdiction; and, if transferred to the legal side of the court, there would still be a lack of jurisdiction, because neither appellant nor William W. Gray nor his wife, Birdie R. Gray, is a resident or citizen of Indiana, and there is no specific property of the trust within the Southern District of Indiana in which appellant can be said to have a present and subsisting interest.

Decree affirmed.