McKINNEY, RESPONDENT, *v.* MIRES ET AL., APPELLANTS.

(No. 7,157.)

(Submitted October 4, 1933. Decided October 17, 1933.)

[26 Pac. (2d) 169.]

Cause submitted on briefs of Counsel.

*Mr. Justin M. Smith* and *Mr. George Y. Patten,* for Appellants Roy Mires, Roland J. White, Story Gold Dredging Company and Nelson Story III and Charles Vandenhook, as Administrators of the Estate of Nelson Story, Jr., deceased.

*Messrs. Murphy & Whitlock,* for Appellants Robert and Richard B. Porter.

*Mr. E. H. Casterlain,* of the Bar of Salmon, Idaho, and *Mr. H. Lowndes Maury,* for Respondent.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Appeal from an order denying defendants' motion for change of venue.

On January 21, 1932, Peter McKinney, a resident of Idaho, brought suit in the district court of Silver Bow county against Roy Mires, Roland J. White, Robert Porter, Richard B. Porter, all nonresidents of this state, and Story Gold Dredging Company, Nelson Story III, and Charles Vandenhook, as administrators of the estate of Nelson Story, Jr., residents of Gallatin county, Montana, to recover 25 per cent. of the shares of the capital stock of the dredging company, require an accounting from Mires and the administrators, and to enjoin the transfer of stock to individual defendants.

On February 6, 1932, all of the defendants appeared by separate demurrers, and, at the same time, each filed notice

of motion and demand for a change of venue, and affidavit in support thereof. The several notices of motion and affidavits were met by counter-affidavits; they were united for the purpose of a hearing, the motions heard jointly, and by a single order denied. The defendants have jointly appealed from the order.

The complaint alleges that the plaintiff, a resident of Idaho, Mires, a resident of California, and Nelson Story, Jr., a resident of Gallatin county, Montana, in July, 1932, at Norwegian Gulch, in Madison county, Montana, entered into an agreement of partnership and joint adventure for the dredging of placer mining ground there located and owned, or controlled, by Story; Story to furnish the ground, and McKinney and Mires the dredge, the proceeds to go 50 per cent. to Story, and 25 per cent. each to McKinney and Mires. It is alleged that the plaintiff expended time and money on the project; that a dredge was secured in California and installed on the property in Madison county, and thereafter Story and Mires excluded the plaintiff from participation in the adventure, incorporated the dredging company, and transferred to it all the rights of the partnership. Story died in November, 1932.

The complaint alleges that the plaintiff is entitled, by reason of the facts, to have issued to him 25 per cent. of the capital stock of the dredging company, to be deducted from stock standing in the name of Mires, and of White, Robert Porter, or Richard (Andrew) B. Porter, who took stock with notice of plaintiff's contract. It is alleged that, pending this suit, the above-named persons should be enjoined from transferring any shares of stock to any person other than the plaintiff, or in anywise encumbering the stock held by them, and it is prayed that the corporation be so enjoined from transferring any of such stock on the books thereof. The application for injunction is supported by the affidavit of the plaintiff filed with the complaint.

The record clearly shows that the contract involved in suit was made and was to be performed in Madison county; that no party to the suit resides or was found and served in

Silver Bow county. It further shows that the corporation has its principal place of business at Bozeman, Gallatin county, which is also the place of residence of both of the administrators of the Story estate, and that the corporation and the administrators were served with summons in Gallatin county. Mires, a resident of California, was served at the dredge in Madison county, although he states in his affidavit that he "is now temporarily making his headquarters at Bozeman." "Now," of course, refers to the time the affidavit was made.

It does not appear from the record how or when, if at all, the nonresident defendants, White and the two Porters, were served; it would seem that they made voluntary appearance.

The demand made is that the place of trial be changed to Gallatin county. The motions and demands made are double-barreled, as they are based on two grounds: "(1) That none of the defendants reside or were served with summons in Silver Bow county"; and (2) "that the convenience of witnesses and the ends of justice would be promoted by changing the place of trial to Gallatin county." Each application is accompanied by an "affidavit of merits." With respect to this second ground, the application is premature.

In so far as pertinent here, section 9098, Revised Codes of 1921, declares that "the court or judge must, on motion, change the place of trial: * * * 1. When the county designated * * * is not the proper county. * * * 3. When the convenience of witnesses and the ends of justice would be promoted by the change."

A motion for a change of place of trial on the first ground is based on the contention that the plaintiff has chosen the wrong county for the commencement of his action, contrary to the provisions of sections 9093 to 9096, Revised Codes 1921; on this ground the defendant must move "at the time he appears and answers or demurs" (sec. 9097), or his motion comes too late. (*Dawson* v. *Dawson*, 92 Mont. 46, 10 Pac. (2d) 381.)

On compliance with the statute and on a proper showing that the action was commenced in the wrong county, a de-

fendant is entitled, on this first ground, to a change to the proper county as a matter of right. (*Feldman* v. *Security State Bank*, 62 Mont. 330, 206 Pac. 425.) On the contrary, a motion based upon the ground designated 3 above appeals to the sound discretion of the court, and can only be made after the defendant has answered and the court is in a position to determine whether or not there will be a trial, what are the issues, and, if issues of fact are presented, whether or not a change of the place of trial will be necessary in order to serve the convenience of witnesses. (*Dawson* v. *Dawson*, above, and cases therein cited.) A motion made on this ground concedes that the action was commenced in the proper county, but urges that, regardless of the rights of the plaintiff, in the interests of justice the court should send the case to some other county for trial. It is apparent that the court did not err in denying the motions for change on the second ground urged.

Reverting, therefore, to the first ground, we find that the Codes require that actions for the recovery, or partition, of real property, or of the determination of any right therein, or for the foreclosure of a lien or mortgage on real property, must be brought in the county in which the property, or some part thereof, is situated (sec. 9093); that actions for the recovery of a penalty and against certain public officers must be brought in the county wherein the cause of action arose (sec. 9094); that actions against a county must be brought in that county (sec. 9095); actions upon contracts *must* be brought in the county in which the contract was to be performed, and those for tort in the county where committed (sec. 9096; *State ex rel. Interstate Lumber Co.* v. *District Court*, 54 Mont. 602, 172 Pac. 1030); and "in all other cases the action shall be tried in the county in which the defendants, or any of them, may reside at the commencement of the action, or where the plaintiff resides, and the defendants, or any of them, may be found; or, if none of the defendants reside in the state, * * * the same may be tried in any county which the plaintiff may designate" (sec. 9096).

Under the facts alleged it is manifest that Silver Bow county is not the proper county for the trial of the "action" under any one of the foregoing designations, but this decision alone would not entitle the defendants to a change of the place of trial, and the court may act only on a demand that the "trial be had in the proper county." (Sec. 9097, above.) A demand for the removal to another improper county is unavailing. (*State ex rel. Schatz* v. *District Court,* 40 Mont. 173, 105 Pac. 554.)

If it can be said that the plaintiff brought action "upon" the contract alleged, manifestly the proper county would have been Madison county (*Stiemke* v. *Jankovich,* 72 Mont. 363, 233 Pac. 904), where the contract was to be performed; but his suit is to declare and enforce a trust as to the partnership property, compel an accounting as to joint profits and expenditures, and to have injunctive relief—all matters of equitable cognizance.

It will be noted that the above statutes refer only to "actions," and, technically, might be held to apply only to actions at law, while the appropriate designation of the proceeding at bar would be a suit in equity; of the two, the term "action" is narrower than "suit," which denotes any legal proceeding of a civil kind, brought by one person against another, and includes both actions at law and suits in equity. (*Elk Garden Co.* v. *Thayer Co.,* (C. C.) 179 Fed. 556; *Appleton* v. *Turnbull,* 84 Me. 72, 24 Atl. 592; *Dullard* v. *Phelan,* 83 Iowa, 471, 50 N. W. 204.)

While the Codes vest the district court with jurisdiction of both actions at law and suits in equity, and both law and equity may be administered in one action, the purpose of the Codes was not to do away with equity procedure, or law procedure, but to simplify and blend the two systems into one, so that the same court might administer justice in any case by appropriate procedure and judgment. (*Miller* v. *Rapp,* 7 Ind. App. 89, 34 N. E. 125; *Leatherman* v. *Orange County Commrs.,* 22 Ind. App. 700, 47 N. E. 347; *Milwaukee Light,*

*Heat & T. Co.* v. *Ela Co.*, 142 Wis. 424, 125 N. W. 903, 20 Ann. Cas. 707, 27 L. R. A. (n. s.) 567.)

Strictly speaking, therefore, the provisions with respect to "actions" would not necessarily include suits in equity; however, this court has, in effect, held that the sections above cited do apply to such suits (*Bullard* v. *Zimmerman*, 82 Mont. 434, 268 Pac. 512), and we are of the opinion that the broad range of subjects of actions covered by the whole Act justifies such construction.

In California (Code Civ. Proc., sec. 392) it has been held that, under a provision identical with subdivision 1 of section 9093, above, an action for the reformation of a contract for the sale of land (a suit in equity) must be brought in the county in which the land is situated (*Franklin* v. *Dutton*, 79 Cal. 605, 21 Pac. 964), but this is undoubtedly because of the constitutional provision in that state requiring all actions concerning real property to be commenced in the county in which the real property is situated. (See 25 Cal. Jur. 863.) But, "inasmuch ▮ as equity decrees primarily and properly act *in personam* and at most collaterally only *in rem*, it is undoubted that, in cases of fraud, trust or contract, equity will, whenever jurisdiction over the parties has been acquired, administer full relief, without regard to the nature or situation of the property in which the controversy had its origin." (25 Cal. Jur. 870, and cases cited.) Such actions, including the suit at bar, are transitory, or personal, rather than local.

Here the suit requires the allegation and proof of the ▮ contract incidentally, and only as the groundwork for the establishment of the trust, the accounting, and the injunction for which the plaintiff prays; it is purely an equitable suit, and is transitory, and the designation of the proper county is found, not in the provision with respect to actions upon contracts, but in the first or main clause of section 9096, above; i. e., the place of residence of "the defendants, or any of them," is controlling.

Of the defendants, White and the two Porters are non-residents of the state, and were not served with summons; consequently, had they been the only defendants, the plaintiff was privileged to designate Silver Bow county as the place of trial, but, as any one of the defendants is entitled to have the cause removed to his county for trial, their nonresidence is immaterial.

Mires, a nonresident, was found and served in Madison county, and, under the statute, in the absence of other defendants, the cause should have been tried there.

The Story Dredging Company has its residence in Gallatin county, but it stands only in the position of a stakeholder, not interested in the outcome, and it may be that it is not in a position to demand a transfer to Gallatin county; on this question we reserve decision.

The remaining defendants, the administrators of the estate of Nelson Story, Jr., deceased, stand in a peculiar position. The complaint asks no relief as against the estate or the administrators; the capital stock of the corporation which it seeks to reach is stock other than that belonging to Story originally; an accounting from Mires and the administrators, jointly, under the contract, is not necessary to the recovery of the stock, other, perhaps, than to determine what sum this plaintiff should pay to his coadventurers to entitle him, in equity, to his proportionate share of the capital stock of the corporation.

Had the plaintiff not asked for the accounting, these defendants might be in the same situation as the Story Dredging Company, but he does ask for an accounting, which is perhaps necessary in order that the court may do full justice and render judgment disposing of the entire controversy. It follows that these defendants, residing and served with summons in Gallatin county, were entitled to have the cause removed to that county on their demand.

For the reasons stated, the order denying the transfer is reversed and the cause remanded to the district court of

Silver Bow county, with direction to transfer the cause to Gallatin county.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES ANGSTMAN, STEWART and ANDERSON concur.