**SCHWAB v. CAMERON et al.**

No. 257.

District Court, E. D. Illinois.

May 28, 1942.

K. C. Barkley, of Houston, Tex., and Wham & Wham, of Centralia, Ill., for plaintiff.

Hefner & Harris, of Evansville, Ind., Stewart A. Pearce, of Carmi, Ill., and J. Glenn Turner, of Dallas, Tex., for defendants.

LINDLEY, District Judge.

Defendants move to dismiss the complaint on the grounds, first, that there is no diversity of citizenship as alleged and, second, that the court is powerless to proceed under Section 57 of the Judicial Code, 28 U.S.C.A. § 118.

Plaintiff averred in his complaint that he is a resident of Texas and that defendants are residents of Indiana. He has filed affidavits in support of his averment and defendants have filed affidavits to the effect that they are only temporarily residing in Indiana and retain their actual residence in Texas. Inasmuch as the complaint sets out the necessary diversity of citizenship, the burden of proof is upon defendants to show that they are not residents of Indiana. National Masonic Acc. Association v. Sparks, 8 Cir., 83 F. 225. The averment that they live in Indiana will be accepted as proof of their domicile until facts establish the contrary. Anderson v. Watts, 138 U.S. 694, 11 S.Ct. 449, 34 L.Ed. 1078. It is most unsatisfactory to determine residence from affidavits, in view of the fact that its proper situs is largely a question of intention. But the parties have seen fit to submit the motion upon such evidence. After carefully considering the evidence, I find that defendants are residents of the State of Indiana and, hence, that there is diversity of citizenship.

I am then immediately confronted with the question of whether, neither plaintiff nor defendant being resident of this district, the court can entertain this suit, which plaintiff insists is a claim of title to property located within the district and therefore, within Section 57 of the Judicial Code, U.S. C.A. Title 28, § 118. In Dick v. Foraker, 155 U.S. 404, 15 S.Ct. 124, 39 L.Ed. 201, plaintiff, a citizen of Ohio, sued, in the District Court of Arkansas, defendant, a citizen of Illinois, seeking to remove a cloud upon title to property in Arkansas claimed by plaintiff. The court held that, in view of diversity of citizenship of the parties, the court had jurisdiction under Section 57. To the same effect are Louisville & Nashville R. R. Co. v. Western Union Telegraph Co., 234 U.S. 369, 34 S.Ct. 810, 58 L.Ed. 1356; Citizens' Savings & Trust Co. v. Illinois Central R. R., 205 U.S. 46, 58, 27 S.Ct. 425,

.51 L.Ed. 703; Burke v. Mountain Timber Co., D.C., 224 F. 591; Texas Co. v. Central Fuel Oil Co., 8 Cir., 194 F. 1, 9. It follows then that, if the suit is one properly brought under Section 57, this court has jurisdiction.

█ Section 57 provides that in any suit commenced in the District Court to enforce any legal or equitable lien upon or claim to or to remove any encumbrance or lien upon real or personal property within the district ·in which suit is brought, if defendants are not inhabitants of the district, the court may obtain jurisdiction of them by ·substituted service. Defendants say that this action is in personam ·and not in rem, but it is to be observed that plaintiff avers that defendants agreed that, if plaintiff would do certain things, "plaintiff would own an undivided one-fourth interest in all of the right, title or property so acquired and to the oil produced thereon"; that for what he did, plaintiff "would own an undivided one-fourth interest in all leases taken."· Other similar averments are found in the complaint. It appears that oil has been discovered on leases taken by defendants and that certain ·funds have accumulated therefrom, which are located within the district, and plaintiff seeks to reduce these to his possession and to have his title thereto adjudicated. In addition plaintiff prays judgment against defendants and for "establishment of one-fourth interest in all the oil and gas leases acquired by defendants in Clay County, Illinois." Obviously, of a suit to recover a judgment in personam, in view of the fact that neither plaintiff nor defendant resides in this district, this court would have no jurisdiction. Patterson v. Gray, 7 Cir., 62 F. 2d 387. Consequently, in determining the question of jurisdiction, I must eliminate from consideration as beyond my jurisdiction, the prayer for personal judgment.

█ The averments and prayer of the complaint indicate clearly that plaintiff is asserting a mutual arrangement between the parties whereby, for a valuable consideration, he would be a joint proprietor and owner of all oil property in Clay County acquired in the name of defendants, an arrangement in the nature of a partnership; and plaintiff now seeks to have the court decide that he is the owner of a one-fourth interest in such property. He asserts a claim of equitable or legal character to the property located within the district and is clearly within the provisions of Section 57.

The case is to be distinguished from Patterson v. Gray, supra, for there the court said that the facts pleaded constituted only a legal action for deceit. It was pointed out that plaintiff might have rescinded her contract and sued to recover the property but that this she had not done and that she had no right to quiet her title to any of the property for the reason that she had no subsisting interest therein. The case is much more nearly within Jellenik v. Huron Copper Mining Co., 177 U.S. 1, 20 S.Ct. 559, 44 L.Ed. 647; Goodman v. Niblack, 102 U.S. 556, 26 L.Ed. 229; Porter v. Cooke, 5 Cir., 63 F.2d 637.

The motion to dismiss is denied. Defendants shall answer within twenty days.