**KLEINSCHMIDT v. KLEINSCHMIDT LABORATORIES, Inc., et al.**

**No. 49 C 1910.**

United States District Court
N. D. Illinois. E. D.

Feb. 3, 1950.

870

Edwin T. Peifer, Chicago, Ill., Harry C. Alberts, Chicago, Ill., for plaintiff.

Quealy, Staub & Arthur, Chicago, Ill., for defendants.

LA BUY, District Judge.

The complaint herein alleges that plaintiff is a resident of Highland Park, Illinois; that individual defendant "claims" to be a resident of Miami Beach, Florida, and is an officer and principal director of corporate defendant, Kleinschmidt Laboratories, Inc., a Delaware corporation, having its principal place of business in Highland Park, Illinois; that corporate defendant is the research medium for reducing to practice and commercially exploiting the inventions of the individual defendant; that the individual parties were married September 25, 1937 and except for a short interval in 1939 lived as husband and wife until August 3, 1949 when individual defendant allegedly left plaintiff and removed to Florida where he filed a divorce action against plaintiff; that in 1939 individual defendant had filed a divorce action against plaintiff in Waukegan, Illinois and upon a reconciliation between the parties said action was dismissed and agreements were

entered into on December 1, 1939 settling the respective property rights of the parties; that by one of said agreements plaintiff released dower rights in individual defendant's property and defendant in consideration thereof agreed by separate letter agreement to convey and assign to plaintiff an undivided one-half interest in any and all inventions which the individual defendant might make thereafter; that plaintiff was "forced and coerced against her will to enter into" said dower waiver agreement; that pursuant to said agreement plaintiff conveyed four parcels of real estate, including the Highland Park home of the parties to the corporate defendant; that individual defendant made a number of inventions in the field of communications on and after December 1, 1939, and refuses to comply with the invention assignment agreement and that he has issued licenses to the corporate defendant under his inventions in an effort to deprive plaintiff of her rights to said inventions under the agreement. The complaint prays that a preliminary injunction issue restraining defendants from disposing of and removing any of their assets and personal property of the parties until determination of the issues herein, for a preliminary injunction restraining corporate defendant from exercising any right or control over the Highland Park home of the parties, for a mandatory injunction against corporate defendant demanding and requiring it to execute and deliver to plaintiff and individual defendant a recordable deed to the Highland Park realty, for a revocation and cancellation of the dower waiver agreement for specific performance of the invention assignment agreement as an alternative right to relief should the court find the dower waiver agreement binding on plaintiff, and for discovery of defendants' assets and inventions.

It appears the claim against individual defendant is primarily a claim for rescission and cancellation of the dower waiver agreement because of fraud and coercion, or in the alternative for specific performance of the patent assignment agreement. The claim against corporate defendant is premised on its alleged wrongful use of plaintiff's undivided one-half interest in the inventions of individual defendant, and the fact that it is the title holder by conveyance from plaintiff and individual defendant of all of the real estate possessed by the individual defendant, said conveyances being made under the dower waiver agreement.

Defendant corporation has filed a motion to dismiss the complaint and amendment to the complaint on the ground that individual defendant is an indispensable party to the litigation and although joined as a party defendant this court cannot acquire jurisdiction over his person since he is non-resident of this district.

 Indispensable parties are persons who have an interest in the controversy of such a nature that a final decree without them cannot be made without either affecting that interest or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience. Metropolis Theatre v. Barkhausen, 7 Cir., 1948, 170 F.2d 481; Montfort v. Korte, 7 Cir., 100 F.2d 615, 617. Generally all parties to an instrument sought to be cancelled are indispensable parties to a suit for cancellation unless it is obvious that the one not joined has no interest whatever in the subject matter of the suit. Shields v. Barrow, 17 How. 130, 58 U.S. 130, 15 L.Ed. 158; Lawrence v. Sun Oil Co., 5 Cir., 1948, 166 F.2d 466; Chance v. Buxton, 5 Cir., 1947, 163 F.2d 989. In addition to being a party to both of the alleged agreements herein, individual defendant is charged with fraud and coercion in the execution of the dower waiver agreement by plaintiff. The corporate defendant cannot be required to litigate these charges which primarily and directly involve issues with the individual defendant not before the court. Further, unless individual defendant is before the court any decree adjudicating these charges would not be conclusive on him. The court is of the opinion that since the present complaint seeks rescission and cancellation of an agreement or in the alternative specific performance of another agreement, both of which involve contracts, individual defendant being a party to both contracts and

having a direct interest therein, is an indispensable party.

■ Plaintiff urges that jurisdiction over the indispensable, non-resident, individual defendant can be effected pursuant to Rule 4(d) (7) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which provides that it is sufficient if service upon an individual is made in the manner prescribed by the law of the state in which made. At the present stage of the proceedings no service, either personal, substituted or other service, has been made upon the defendant. It is therefore unnecessary at this time for the court to determine whether service under Rule 4(d) (7) in the manner provided by Section 140 of the Illinois Civil Practice Act or Section 138 thereof, Ill.Rev.Stat. 1949, c. 110, §§ 138, 140, would give this court jurisdiction over said individual defendant.

It is requested that in pursuance of Section 1655 of the Judicial Code, 28 U.S.C.A. and Rule 4(e), the court may order the individual defendant to appear and defend. The Judicial Code section, or so much as is pertinent here, provides: "In an action in a district court to enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, real or personal property within the district, where any defendant cannot be served within the State, or does not voluntarily appear, the court may order the absent defendant to appear or plead by a day certain. * * *"

Rule 4(e) provides: "Whenever a statute of the United States or an order of court provides for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state, service shall be made under the circumstances and in the manner prescribed by the statute, rule, or order."

Moore, Federal Procedure, Volume 2, 1002-1003 states that the above rule does not "authorize the court in an original or independent action, in the absence of a federal statute, to make an order for service upon a party not an inhabitant of or found within the state."

■ Jurisdiction is exercised under Section 1655, when an action is determined to be in rem or quasi in rem as distinguished from an action in personam. The plaintiff's complaint as previously analyzed is for (1) rescission and cancellation of an agreement pursuant to which the corporate defendant has became the title holder of certain realty, or (2) enforcement of an agreement on assignment of invention rights which the corporate defendant is exploiting under license.

■■ It is clear from a reading of the complaint that the primary basis for the action is that individual defendant coerced and fraudulently caused the plaintiff to enter in to the dower waiver agreement. In Patterson v. Gray, 7 Cir., 1933, 62 F.2d 387, 391 a widow brought an action against the trustee of her deceased husband's estate to cancel and set aside an agreement whereby she released her entire interest in the estate. She asserted she had been misled and deceived as to the extent and value of the estate. The court affirmed a dismissal of the suit for lack of jurisdiction stating that the facts pleaded constituted a legal action for deceit and did not come within the character of action covered by Section 57, present Section 1655. In the instant case it further appears that no decree can be entered giving plaintiff any of the other relief she seeks until the charges of coercion are determined. Maya Corporation v. Smith, D.C.Del., 32 F.2d 350 and Wilhelm v. Consolidated Oil Corp., 10 Cir., 84 F.2d 739.

In considering the second phase of the plaintiff's complaint regarding the alternative relief of specific performance of the invention assignment agreement, it is generally held that the property rights in patents is not such tangible property within the district as would justify the court in proceeding against parties who are non-residents. Standard Stoker Co. v. Lower, D.C.Md. 1931, 46 F.2d 678.

The action herein not being of the class of suit specified in Section 1655 of the Judicial Code, the court cannot by an order in lieu of summons acquire jurisdiction of

the non-resident individual defendant. Since the individual defendant has been joined, the motion to dismiss the complaint is overruled and the proceedings are stayed until such time as proper service is had on the individual defendant.