Donald C. WRIGHT, Plaintiff,

v.

John H. BELL, Stockgrowers National Bank, a corporation, and Jim Rayburn, Defendants.

Civ. No. 449.

United States District Court
D. Montana,
Billings Division.

Jan. 28, 1964.

Robert W. Connor, Sheridan, Wyo., and Roy V. Morledge, Jr. and Raymond Wright, Billings, Mont., for plaintiff.

Loomis, Lazear, Wilson & Pickett, Cheyenne, Wyo., and Lamey, Crowley, Kilbourne, Haughey & Hanson, Billings, Mont., for defendants John H. Bell and Stockgrowers National Bank.

Kelly & Carr, Miles City, Mont., for defendant Jim Rayburn.

JAMESON, District Judge.

In each of four separate causes of actions, it is alleged that the plaintiff is a citizen of Alaska, that the defendants John H. Bell and Stockgrowers National Bank of Cheyenne, Wyoming, are citizens of Wyoming, and the defendant Jim Rayburn, a citizen of Montana; that the amount in controversy exceeds $10,000, exclusive of interest and costs; that on June 1, 1955, A. G. Wright and Gladys Wright, as sellers, contracted with the defendant Bell for the sale to him of certain real property located in Wibaux County, Montana; that the Wrights assigned their interest in the contract to the plaintiff; that pursuant to the contract, the sellers executed a warranty deed which was placed in escrow with the defendant bank, to be held pending satisfactory proof of full payment of the purchase price.

In the first cause of action, plaintiff seeks recovery from the defendant *Bell* of the balance due on the contract. The second cause of action seeks actual and exemplary damages from the defendant *Bell* for alleged fraud in securing a release from escrow of the deed covering the lands (or in lieu thereof the declaration of a constructive and resulting trust). The third cause of action seeks actual and exemplary damages from the defendant *Bank* for fraudulent and negligent breach of trust in improperly releasing the deed from escrow (or in lieu thereof a declaration of a constructive and resulting trust). The fourth cause of action alleges a conveyance of the real property from Bell to the defendant Rayburn and seeks a judgment against *Rayburn* for the cancellation of the deeds from Wright to Bell and from Bell to Rayburn, and possession of the real property.

The defendants Bell and Stockgrowers National Bank filed separate motions to dismiss on the grounds of (1) insufficiency of service of process; (2) improper venue; and (3) failure to state a claim against the defendants upon which relief can be granted. The defendant Rayburn filed a motion to dismiss on the grounds of improper venue and failure to state a claim. Briefs have been filed by the respective parties, and there has been no request for oral argument. The motions accordingly are deemed submitted pursuant to Rule 7(a) of the Local Rules of Court.

Since all of the parties rely upon improper venue, this ground of dismissal will be considered first. It is undisputed that the plaintiff is a resident, as well as citizen, of Alaska, that the defendant Bell is a resident of Wyoming, and the defendant Rayburn a resident of Montana. Under 28 U.S.C.A. § 1348 the defendant Bank is deemed a citizen of Wyoming, and under 12 U.S.C.A. § 94 is deemed a resident of the District of Wyoming for venue purposes. See Buffum v. Chase National Bank of City of New York, 7 Cir. 1951, 192 F.2d 58, (cert. denied, 342 U.S. 944, 72 S.Ct. 558, 96 L.Ed. 702).

28 U.S.C.A. § 1332 provides: "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—(1) citizens of different states; * * * ". The allegations of the complaint meet the requirements of this section. 28 U.S.C.A. § 1391 is the general *venue* statute for diversity actions. In pertinent part, it provides: "(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."

Obviously, under section 1391, venue in either Montana or Wyoming would be improper, since all of the defendants do not reside in either state. Plaintiff contends, however, that section 1391 "is not applicable inasmuch as the gravamen of the action pertains to title to real property, quieting title, removing cloud and ejectment as against defendant, Jim

Rayburn, and that by reason thereof section 1655 is the controlling statute * * * ".[1]

■ ■ As pointed out in Miller & Lux Inc. v. Nickel, N.D.Cal.1957, 149 F. Supp. 463, 465, the statute prescribing the venue for actions involving property is section 1392(b)[2], and the primary purpose of section 1655 "is to permit constructive service of process in actions involving interests in real or personal property within the district." Section 1655 "provides, by its terms, for bringing in absent defendants only in proceedings *in rem* such as suits to remove clouds upon title to real or personal property. It cannot be invoked to aid service upon absent defendants sued *in personam*". Stewart v. United States, 5 Cir. 1957, 242 F.2d 49, 52. See also cases there cited and Buzzell v. Edward H. Everett Co., D.C.Vt.1960, 180 F.Supp. 893.

It is true, as plaintiff contends, that under section 1655 jurisdiction and venue do not depend upon the citizenship or residence of the parties but solely upon the location of the property within the district. The cases cited by plaintiff, however, recognize that this rule is applicable only as to actions *in rem* where "the adjudication shall, as regards the absent defendant, affect only the property which is the subject of the action." Graff v. Nieberg, 7 Cir. 1956, 233 F.2d 860, 862.

The question for determination accordingly is whether the various causes of action alleged in plaintiff's complaint are actions *in rem* or *in personam*.

■ The first cause of action seeks recovery from the defendant Bell of the balance due on the contract. It is recognized that the nature of an action is to be determined by the law of the state. Josevig-Kennecott Copper Co. v. James F. Howarth Co., 9 Cir. 1919, 261 F. 567. See also Big Robin Farms v. California Spray-Chemical Corp., W.D.S.C.1958, 161 F.Supp. 646.

■ Apparently the Montana Supreme Court has never determined expressly whether an action for the balance due on a contract is *in personam* or *in rem*. It has held, however, that an action for specific performance of a contract to sell realty is *in personam*. Silver Camp Mining Co. v. Dickert, 1904, 31 Mont. 488, 78 P. 967, 67 L.R.A. 940.

■ Even in jurisdictions which hold that an action by a vendee seeking specific performance is a local action *in rem,* an action by the vendor seeking a money judgment is regarded as a transitory personal action. See Hammon v. American Exploration & Mining Co., 1962, 203 Cal.App.2d 306, 21 Cal.Rptr. 409, 412, where the court said:

"Indeed, even if an action involves realty, it constitutes for venue purposes a transitory action if the main relief sought is a money judgment. Thus an action for the specific performance of a contract for the sale of realty is deemed local if brought by the vendee, since the vendee seeks possesion (citation omitted); *it is considered transitory if brought by the vendor, since the vendor merely*

---

1. 28 U.S.C.A. § 1655 relates to "Lien enforcement; absent defendants" and provides in part:

"In an action in a district court to enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, real or personal property within the district, where any defendant cannot be served within the State, or does not voluntarily appear, the court may order the absent defendant to appear or plead by a day certain.

"Such order shall be served on the absent defendant personally if practicable,

wherever found, and also upon the person or persons in possession or charge of such property, if any. Where personal service is not practicable, the order shall be published as the court may direct, not less than once a week for six consecutive weeks."

2. 28 U.S.C.A. § 1392 reads in pertinent part:
"* * *
"(b) Any civil action, of a local nature, involving property located in different districts in the same State, may be brought in any of such districts."

*seeks the purchase price.*" (Emphasis added.)

The claim for the balance due on the contract constitutes an action *in personam*.

In the second and third causes of action plaintiff seeks actual and exemplary damages from Bell and the Bank respectively. The second cause of action alleges fraud on the part of Bell in procuring a release from escrow of the warranty deed and conversion of the land. This action sounds in tort and seeks, not a judgment against the land, but a personal money judgment against Bell. The third cause of action states a claim against the Bank for breach of trust. This cause likewise is strictly an *in personam* action for money damages, having no relation to real property located in Montana.

In Thruston v. Big Stone Gap Imp. Co., C.C.Va.1898, 86 F. 484, 486, the court described an action for breach of trust: "Such a suit would not be to enforce any legal or equitable claim against real or personal property within the district. * * * It is an action for breach of trust, local in its nature, resulting, if it be successful, in a personal judgment against Thruston, (the trustee) payable out of his own property."

In Findlay v. Florida East Coast Ry. Co., 5 Cir. 1934, 68 F.2d 540, 542, it was argued that constructive service under 28 U.S.C. § 118, the predecessor of present section 1655, could properly be made upon trustees. The court, after careful analysis of the pleadings, noted: " * * in its very nature and essence this is not a suit to establish a lien or fix a charge upon property in the district within the meaning of the section. It is an action in personam against defendants in which the gist of the relief asked is a personal decree against them." [3]

While the precise question here presented has not been determined by the Supreme Court of Montana, the court has held in McKinney v. Mires, 1933, 95 Mont. 191, 26 P.2d 169, that an action to establish a trust, for an accounting, and to enjoin transfers of shares of stock based upon a contract, was a transitory action. The language used in that case is persuasive here. The court said:

" * * * But, 'inasmuch as equity decrees primarily and properly act *in personam* and at most collaterally only *in rem*, it is undoubted that, in cases of fraud, trust or contract, equity will, whenever jurisdiction over the parties has been acquired, administer full relief, without regard to the nature or situation of the property in which the controversy had its origin,' 25 Cal.Jur. 870, and cases cited. Such actions, including the suit at bar, are transitory, or personal, rather than local." 95 Mont. at 198, 26 P.2d, at 172.

The position in which plaintiff finds himself was well stated in Dan Cohen Realty Co. v. National Savings & Trust Co., 6 Cir. 1942, 125 F.2d 288, 290: "A civil action does not qualify as within the scope of Section 57 of the Judicial Code merely because a complainant asserts against defendants rights in personam growing out of or connected with property within the Federal District where the suit is brought." (Citation omitted.) Section 57 of the Judicial Code, 28 U.S.C.A. § 118 was the predecessor of present section 1655.

As to the first three claims, venue in this court is improper under section 1655. Moreover, even were venue proper, service upon the Wyoming defendants has not been made in accordance with its provisions, for no order of this court has issued.[4]

3. See also Patterson v. Gray, 7 Cir. 1933, 62 F.2d 387; Kleinschmidt v. Kleinschmidt Laboratories, N.D.Ill.1950, 89 F. Supp. 869; Maya Corp. v. Smith, D.C. Del.1929, 32 F.2d 350.

4. If Bell is a necessary party to obtain relief against the property in Montana under the fourth cause of action, it would still be necessary to comply with the provisions of section 1655 to obtain service upon him.

Finally, plaintiff alleges as his fourth cause of action a conveyance of the property from Bell to defendant Rayburn; seeks cancellation of the deeds from the Wrights to Bell and Bell to Rayburn; and asks for possession of the property.

■ Service on Rayburn was made in Montana, and it is admitted that he is a citizen and resident of Montana. This claim may well be considered as one brought under section 1655 to "remove any * * * cloud upon the title to real * * * property within the district * * *." Consequently, venue in this court is proper, and since Rayburn was served in Montana, no order of this court was necessary. The action is proper as to Rayburn.

The motions of defendants Bell and the Stockgrowers Bank to dismiss are granted. Rayburn's motion to dismiss is denied.